THE CIRCUIT COURT OF SAINT LOUIS CITY
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| JOHN DOE | ) |
|     Plaintiff | ) |
| v. | ) |
| LESLIE SUTTON | ) |
|     Serve at: | ) |
|     4347 Lafayette Ave. Apt 1E | ) |
|     St. Louis, MO 63110 | ) |
|     Defendant | ) |

### PETITION

COMES NOW, Plaintiff John Doe, by and through his undersigned attorneys, and for his claims state as follows:

### PARTIES

1. Plaintiff John Doe is a natural person and citizen of Canada.

2. Defendant Leslie Sutton is a natural person and citizen of Missouri whose principal place of residence is St. Louis City

### JURISDICTION AND VENUE

3. Venue is proper in St. Louis City, because Plaintiff Doe was first injured in Defendant Sutton's residence located at 4347 Lafayette Ave. Apt 1E, St. Louis, MO 63110.

### FACTS

4. Plaintiff Doe is and at all times relevant in this Petition, a student in Canada.

5. During all times relevant in this Petition, Plaintiff Doe went by his then middle name "*****."

1

6. Since July 2020, Defendant Sutton has been and continues to work as a research technician at the Washington University School of Medicine in St. Louis.

7. During her spare time, Defendant Sutton conducted online sex work, where she participated in bondage and discipline, domination and submission, and sadism and masochism ("BDSM") sexual fetishes, such as financial domination ("findom") and female domination ("femdom").

   a. Findom is a BDSM fetish in which a submissive is required to give gifts or money to a dominant;

   b. Femdom is a BDSM sexual fetish in which a woman or women take on dominant roles and control or exert authority over their male or submissive partners through various activities, such as role-playing, power exchange, bondage, discipline, humiliation, and consensual acts of dominance by women;

   c. In BDSM, consent from both the dominant and submissive to perform certain acts is nevertheless always required.

8. Defendant Sutton posts sexual content primarily through Loyalfans.com, an online platform for content creators where fans pay a subscription to access premium content. Defendant Sutton also posts content through various other platforms, including her Twitter page @%****%********* (and formerly during the relevant time, @%***%*****), Sextpanther.com, and a Discord server called "*** ******."

9. On or around November 2021, Plaintiff Doe met Defendant Sutton through her @%***%***** Twitter account.

10. Over time, Plaintiff Doe began an intimate relationship with Defendant Sutton.

11. During the course of his relationship with Defendant Sutton, Plaintiff Doe had knowledge that she did sex work.

### A. Plaintiff's First Encounter with Defendant

12. On or around August 27, 2022, Plaintiff Doe entered Defendant Sutton's residence, located at 4347 Lafayette Ave. Apt 1E, St. Louis, MO 63110. While there, Plaintiff Doe consented to Defendant Sutton taking intimate photographs prior to having sexual intercourse, so long as these photographs were kept private and not disclosed to third parties.

13. Defendant Sutton verbally agreed that she would not disclose these photographs.

14. Plaintiff Doe posed for a series of 3-5 intimate photographs in Defendant Sutton's apartment ("Set 1"), where he is sitting on her couch wearing a brown-colored collar around his neck. Defendant Sutton's hand is looped through the o-shaped ring on the collar so as to display her "ownership" of Plaintiff Doe in the context of their relationship. In Set 1, Plaintiff Doe's full face is shown and is identifiable.

15. Plaintiff Doe and Defendant Sutton thereafter engaged in sexual intercourse.

16. Defendant Sutton posted pictures from Set 1 to her private Twitter account @**********, which has approximately 16 followers, all of whom are Defendant Sutton's personal friends (i.e., friends not from sex work or BDSM spaces). Defendant Sutton also sent these photographs to various Twitter and Discord group chats with her friends who also engage in sex work and BDSM practices.

Electronically Filed - CITY OF ST. LOUIS - August 30, 2023 - 05:28 PM

### B. Plaintiff's Second Encounter with Defendant

17. On or around December 30, 2022, Plaintiff Doe and Defendant Sutton went to Chicago to celebrate New Year's Eve together. The two checked into a room at The Fairmont Chicago Millenium Park Hotel, located at 200 N Columbus Dr., Chicago, IL 60601.

18. Defendant Sutton took at least one intimate photograph of Plaintiff Doe without his knowledge or consent ("Set 2").

19. In Set 2, no part of Plaintiff Doe's face is visible, due to Defendant Sutton editing the pictures by including a blur effect and her watermark.

### C. Plaintiff Doe's Discovery of Defendant Sutton's Disclosure of Sexual Photographs

20. On December 31, 2022, the following morning, Plaintiff Doe woke up to a message from one of Defendant Sutton's subscribers on LoyalFans.com, who asked if he had more pictures from his "photoshoot" with Defendant.

21. This individual was able to ascertain that the pictures were of Plaintiff Doe based on information posted by Defendant Sutton on her public sex work Twitter account @%***%***** and the caption that accompanied the picture on LoyalFans.com.

22. Plaintiff Doe confronted Defendant Sutton about the message he received and asked whether she took or posted any pictures of him. Defendant Sutton replied that she took one photograph the day prior and sold it to one subscriber on LoyalFans.com.

23. When Plaintiff Doe asked Defendant Sutton if there were any other images other than the ones from Set 2 that she has taken or posted without Plaintiff's consent, she replied that one image one from Set 1 was shared on her private Twitter @**********. Plaintiff then demanded that she delete that tweet.

24. Plaintiff Doe then demanded that Defendant Sutton delete the image from Set 2 that she sold on LoyalFans.com. However, Defendant Sutton told Plaintiff Doe that she was unable to do so because once someone purchases a picture, it is added to their LoyalFans "library" and cannot be deleted. Plaintiff became outraged and severely distressed.

25. During the summer of 2023, Plaintiff Doe made numerous attempts to have the images taken down from LoyalFans.com.

    a. On or around May 30, 2023, Plaintiff emailed Endsun Services LLC, LoyalFans.com's parent company, in accordance with their complaints and abuse policy requesting that the images from Set 2 be taken down and deleted.

    b. After no response, Plaintiff sent a follow-up on or around June 23, 2023. However, LoyalFans.com did not reply.

    c. On or around June 29, 2023, Defendant also emailed LoyalFans.com, requesting that the Set 2 images be deleted. Defendant admitted in her email, "The contents of the image include another person who has requested to have it removed from the site in its entirety as they do not consent to the image being on the site."

    d. On or around July 11, 2023, Plaintiff, with the assistance of retained counsel, sent a demand letter to LoyalFans.com's parent company, demanding that the picture from Set 2 be removed and an investigation carried out in accordance with their complaints and abuse policy. However, LoyalFans.com still took no action to take down and delete the images.

26. On or around July 18, 2023, Plaintiff Doe called Defendant Sutton, outlining that law enforcement involvement may be required to have Loyalfans.com remove the images. When Plaintiff asked Defendant if there were any other images that she shared,

Defendant admitted that she has shared some from Set 1 to her friends in Twitter group chats and in Discord messages.

27. In a series of messages after their call, Plaintiff Doe demanded that Defendant Sutton:

    a. delete her LoyalFans profile to disable the pictures from Set 2;

    b. delete her public Twitter account @%***%***** so that photographs in group chats would be deleted after 30 days, and

    c. review any Discord messages she sent to identify and delete pictures from Set 1.

28. On July 19, 2023, Defendant Sutton confirmed that she had reviewed all of her Discord messages and deleted any pictures of Plaintiff Doe. Defendant Sutton then deleted her LoyalFans.com profile on July 20, 2023 and subsequently deleted her public Twitter account @%***%***** on July 23, 2023 after further prompting from Plaintiff Doe outlining the anxiety caused by the pictures continuing to be accessible.

29. On or around July 31, 2023, after suffering from panic attacks, severe emotional breakdowns, and lack of sleep, Plaintiff Doe sought mental health treatment by a professional, who diagnosed Plaintiff with adjustment disorder with anxio-depressive symptoms and post-traumatic stress disorder and prescribed Plaintiff for several medications. Plaintiff also began attending weekly counseling sessions.

30. Plaintiff Doe will likely continue to suffer severe emotional distress, embarrassment, and humiliation from Defendant Sutton's conduct, as it greatly affects Plaintiff's future intimate relationships and job prospects.

31. Furthermore, Plaintiff Doe reasonably believes that more of these images have been shared by Defendant Sutton through various platforms, including but not limited to her

current LoyalFans.com profile @*************, her Discord server, and any other private Twitter accounts that Defendant operates.

### COUNT I: VIOLATION OF RSMo. 573.110

32. Plaintiff incorporates all previous allegations as if fully set forth herein.

33. On or around August 27, 2022, Defendant Sutton took private images of Plaintiff engaging in sexual activities with her and disseminated them over various online platforms to third parties without Plaintiff's consent.

34. On or around December 30, 2022, Defendant Sutton took images of Plaintiff engaging in sexual activities with her, without Plaintiff's Doe's knowledge or consent, and disseminated them over various online platforms to third parties.

35. On each of these occasions, Defendant Sutton disseminated private sexual images of Plaintiff Doe participating in sexual activities with her, such as bondage, fetter, and sadomasochism.

36. By disseminating the video into Missouri, Defendant Sutton committed illegal and/or tortious acts in Missouri, pursuant to RSMo. 573.110.

37. Defendant Sutton obtained sexual images of Plaintiff Doe under circumstances in which a reasonable person would know or understand that such content depicted was to remain private.

38. Defendant Sutton knew or should have known that Plaintiff Doe did not consent to the dissemination of the images.

39. Defendant Sutton's dissemination of sexual images was not for the purpose of a criminal investigation that is otherwise lawful.

40. Defendant Sutton's dissemination of sexual images was not for the purpose of or in connection with, the reporting of unlawful conduct.

41. Defendant Sutton's dissemination of sexual images does not involve voluntary exposure in a public or commercial setting.

42. Defendant Sutton's dissemination of sexual images does not serve a lawful public purpose.

43. Defendant Sutton's disclosure to the public of Plaintiff Doe's BDSM sexual relations with her caused Plaintiff to experience deep shame and humiliation.

44. Defendant Sutton's conduct caused Plaintiff Doe medically diagnosable and medically significant emotional distress.

45. As a result of Defendant Sutton's conduct, Plaintiff Doe will continue to suffer serious emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff Doe prays this Court enter Judgment in his favor and against Defendant Sutton for damages of a fair and reasonable amount in excess of $25,000.00 and for his attorneys' fees, costs, pre-judgment and post-judgment interest as allowed by law, and for all such further relief this Court deems just and proper.

## COUNT II: INTRUSION UPON SECLUSION

46. Plaintiff incorporates all previous allegations as if fully set forth herein.

47. Plaintiff Doe desired to keep his BDSM sexual relations with Defendant Sutton private and secret from third parties.

48. Plaintiff Doe expressed to Defendant Sutton his desire to keep his BDSM sexual relations with her private and secret from third parties.

49. Sexual relations are normally entirely private matters in which the public has no legitimate concern.

50. Defendant Sutton was not privileged from disclosing to the public Plaintiff Doe's BDSM sexual relations with her.

51. By taking photographs of Plaintiff Doe engaging in BDSM sexual activities in a hotel room without Plaintiff's consent or knowledge, Defendant Sutton gained access to private matter through unreasonable means.

52. By publishing and sharing sexual images of Plaintiff Doe to third parties via the Internet, without Plaintiff's consent, other third parties gained access to such private and secret subject matter through unreasonable means.

53. The unauthorized taking and dissemination of sexual images depicting Plaintiff Doe is highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities.

54. Defendant Sutton knew or should have known that the private sexual images depicting Plaintiff Doe contained private and confidential information in which Plaintiff had a reasonable expectation of privacy.

55. Defendant Sutton knew or should have known that disseminating sexual images of Plaintiff Doe without his consent constitutes a clear and substantial violation of Plaintiff's right to privacy.

56. Defendant Sutton's disclosure to the public of Plaintiff Doe's BDSM sexual relations with her caused Plaintiff to experience deep shame and humiliation.

57. Defendant Sutton's conduct caused Plaintiff Doe to suffer from medically diagnosable and medically significant emotional distress.

58. As a result of Defendant Sutton's conduct, Plaintiff Doe will continue to suffer serious emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff Doe prays this Court enter Judgment in his favor and against Defendant Sutton for damages of a fair and reasonable amount in excess of $25,000.00 and for his attorneys' fees, costs, pre-judgment and post-judgment interest as allowed by law, and for all such further relief this Court deems just and proper.

### COUNT III: PUBLIC DISCLOSURE OF PRIVATE FACTS

59. Plaintiff incorporates all previous allegations as if fully set forth herein.

60. Plaintiff Doe desired to keep his BDSM sexual relations with Defendant Sutton private and secret from third parties.

61. Plaintiff Doe expressed to Defendant Sutton his desire to keep his BDSM sexual relations with her private and secret from third parties.

62. Sexual relations are normally entirely private matters in which the public has no legitimate concern.

63. Plaintiff Doe's BDSM sexual relations with Defendant Sutton were not newsworthy.

64. Defendant Sutton on multiple occasions published private images of Plaintiff Doe engaging in BDSM sexual acts with Defendant.

65. Defendant Sutton was not privileged from disclosing to the public Plaintiff Doe's BDSM sexual relations with her.

66. The unauthorized taking and dissemination of sexual images depicting Plaintiff Doe is highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities.

67. Defendant Sutton knew or should have known that the private sexual images depicting Plaintiff Doe contained private and confidential information in which Plaintiff had a reasonable expectation of privacy.

68. Defendant Sutton knew or should have known that disseminating sexual images of Plaintiff Doe without his consent constitutes a clear and substantial violation of Plaintiff's right to privacy.

69. Defendant Sutton's disclosure to the public of Plaintiff Doe's BDSM sexual relations with her caused Plaintiff to experience deep shame and humiliation.

70. Defendant Sutton's conduct caused Plaintiff Doe to suffer from medically diagnosable and medically significant emotional distress.

71. As a result of Defendant Sutton's conduct, Plaintiff Doe will continue to suffer serious emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff Doe prays this Court enter Judgment in his favor and against Defendant Sutton for damages of a fair and reasonable amount in excess of $25,000.00 and for his attorneys' fees, costs, pre-judgment and post-judgment interest as allowed by law, and for all such further relief this Court deems just and proper.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiff incorporates all previous allegations as if fully set forth herein.

73. On or around August 27, 2022, Defendant Sutton took private images of Plaintiff engaging in sexual activities with her and disseminated them over various online platforms to third parties without Plaintiff's consent.

74. On or around December 30, 2022, Defendant Sutton took images of Plaintiff engaging in sexual activities with her, without Plaintiff's Doe's knowledge or consent, and disseminated them over various online platforms to third parties.

75. Defendant Sutton's conduct, which includes taking images of Plaintiff Doe without his knowledge and consent and failing to prevent others from accessing and/or disseminating the images, was outrageous.

76. Defendant Sutton's conduct, which includes taking images of Plaintiff Doe without his knowledge and consent and failing to prevent others from accessing and/or disseminating the images, exceeded the bounds of decency.

77. Defendant Sutton's conduct, which includes taking images of Plaintiff Doe without his knowledge and consent and failing to prevent others from accessing and/or disseminating the images, was intentional and malicious and done for the purpose of causing, or was known by Defendant to likely cause, Plaintiff humiliation, mental anguish, and severe emotional distress.

78. Defendant Sutton's disclosure to the public of Plaintiff Doe's BDSM sexual relations with her caused Plaintiff to experience deep shame and humiliation.

79. Defendant Sutton's conduct caused Plaintiff Doe to suffer from medically diagnosable and medically significant emotional distress.

80. As a result of Defendant Sutton's conduct, Plaintiff Doe will continue to suffer serious emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff Doe prays this Court enter Judgment in his favor and against Defendant Sutton for damages of a fair and reasonable amount in excess of $25,000.00 and for his

attorneys' fees, costs, pre-judgment and post-judgment interest as allowed by law, and for all such further relief this Court deems just and proper.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff incorporates all previous allegations as if fully set forth herein.

82. On or around August 27, 2022, Defendant Sutton took private images of Plaintiff engaging in BDSM sexual activities with her and disseminated them over various online platforms to third parties without Plaintiff's consent.

83. On or around December 30, 2022, Defendant Sutton took images of Plaintiff engaging in BDSM sexual activities with her, without Plaintiff's Doe's knowledge or consent, and disseminated them over various online platforms to third parties.

84. Defendant Sutton's conduct, which includes taking images of Plaintiff Doe without his knowledge and consent and failing to prevent others from accessing and/or disseminating the images, was negligent and tortious.

85. Defendant Sutton owed a duty to Plaintiff Doe to act as reasonable persons, including abiding by the law.

86. Defendant Sutton breached the duty of reasonable care in one or more of the following ways:

   a. Taking images of Plaintiff Doe performing BDSM sexual acts without his knowledge or consent;

   b. Sharing the images of Plaintiff through various online platforms, including for Defendant's own commercial gain;

   c. Allowing the images to be seen by others, transferred, and disseminated;

    d.  Failing to take proper steps to destroy the images and/or prevent others from accessing them until the possibility of police involvement was raised.

87. Defendant Sutton breached her duty to act as a reasonable person by disseminating the sexual images.

88. Defendant Sutton had no legitimate purpose in disseminating the sexual images other than to harass, embarrass, and humiliate Plaintiff Doe.

89. Defendant Sutton should have realized that the conduct involved an unreasonable risk of causing Plaintiff Doe emotional distress.

90. Defendant Sutton's disclosure to others of Plaintiff Doe's BDSM sexual relations with her caused Plaintiff to experience deep shame and humiliation.

91. Defendant Sutton's conduct caused Plaintiff Doe medically diagnosable and medically significant emotional distress.

92. As a result of Defendant Sutton's conduct, Plaintiff Doe will continue to suffer serious emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff Doe prays this Court enter Judgment in his favor and against Defendant Sutton for damages of a fair and reasonable amount in excess of $25,000.00 and for his attorneys' fees, costs, pre-judgment and post-judgment interest as allowed by law, and for all such further relief this Court deems just and proper.

    Respectfully submitted,

    **OTT LAW FIRM**

    */s/ Joseph A. Ott*

    Joseph A. Ott, #67889

/s/ Mark Edward Blankenship Jr
_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

15