IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN DOE                          )
                                  )
       Plaintiff                  )          Case No. 4:23-cv-01312-SEP
                                  )
       v.                         )
                                  )
LESLIE SUTTON                     )
                                  )
       Defendant                  )

**MOTION TO FOR LEAVE TO ALLOW PLAINTIFF JOHN DOE
TO PROCEED UNDER PSEUDONYM**

COMES NOW Plaintiff John Doe, along with respective counsel, and respectfully moves

the Court to allow him to proceed in this matter under a pseudonym for the forgoing reasons

discussed below.

**DISCUSSION**

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of a complaint must name

all the parties." Under limited circumstances, however, courts allow parties to proceed under a

pseudonym like "John Doe" to preserve their anonymity. *See W.G.A. v. Priority Pharmacy, Inc*.,

184 F.R.D. 616, 617 (E.D. Mo. 1999). Neither the Eighth Circuit nor the Supreme Court has

addressed the issue of when a pseudonym may be used; however, many federal courts of appeal

and numerous district courts have reached this issue. *See generally Doe v. Haynes*, No. 4:18-CV-

1930 HEA, 2019 WL 2450813 at *2-4 (E.D. Mo. June 12, 2019); *Roe v. St. Louis University*,

No. 4:08-CV-1474-JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (citing cases); *Doe

H.M. v. St. Louis County*, No. 4:07-CV-2116 (CEJ), 2008 WL 151629 (E.D. Mo. Jan. 14, 2008).

These courts have held that a totality-of-the-circumstances balancing test must be used

when deciding whether a party can sue under a pseudonym; in other words, the court must

1

ascertain whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (quoting *Frank*, 951 F.2d at 323 (internal quotations and citation omitted)). The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. *Id*. (quoting *Doe H.M*., 2008 WL 151629 at *1) (citing *Frank*, 951 F.2d at 323). *See also Chambliss v. Liberty Life Assur. Co. of Boston*, No. 13-1685 JRT, 2013 WL 5676486 at *2.

In cases involving intensely personal matters, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy." *Southern Methodist Univ*., 599 F.2d at 712-13 (citation and internal quotations marks omitted). Courts have generally allowed plaintiffs to litigate under pseudonym in cases involving allegations of sexual abuse and assault because they concern highly sensitive and personal subjects. *See e.g., St. Louis University*, 2009 WL 910738 (allowing rape victim to use a pseudonym because her privacy interest outweighed the public's right to access judicial records); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D. D.C. 2014) (same); *Doe H.M. v. St. Louis County*, No. 4:07-CV-2116-CEJ, 2008 WL 151629, *1 (E.D. Mo. 2008) (permitting use of pseudonym in case involving child sexual abuse). Likewise, cases involving abortion and birth control use, homosexuality and transsexuality, AIDS, and the welfare of abandoned or illegitimate children, have been deemed to involve information sufficiently sensitive and private to warrant anonymity. *Southern Methodist Univ*., 599 F.2d at 712-13 (citations omitted); *Lindsey v. Dayton-Hydson Corp*., 592 F.2d 1118, 1125 (10th Cir. 1979); *Doe v. Blue Cross & Blue Shield of Wis*., 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D. R.I. 1992); W.G.A., 184 F.R.D. 616. *See*

*also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (plaintiff allowed to proceed anonymously in light of threats of violence made against him for challenging prayer and Bible reading in schools). "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. at 74 (quoting *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal.1981)).

Here, Plaintiff Doe was involved in an intimate relationship for several months, with Defendant Sutton, an online sex worker and content creator. Plaintiff Doe agree to perform BDSM sexual acts with Defendant Sutton and take intimate photos of them performing such acts, with the understanding that such images would not be disseminated to the public. Without Plaintiff's consent, Defendant Sutton allegedly uploaded, sold, and disseminated these images over the Internet through various subscription-based websites and online chat platforms. Plaintiff Doe asserts that being forced to proceed publicly would allow others to scrutinize his extremely sensitive personal and sexual information and the exact injuries his lawsuit seeks to address. Defendant Sutton's alleged conduct has caused Plaintiff Doe severe emotional distress. Doe has been diagnosed with adjustment disorder, anxiety, and depression following these events. He argues that being forced to reveal his name may exacerbate his emotional distress, which is something that courts may consider when determining whether a Plaintiff may proceed under pseudonym. *Doe v. Haynes*, Case No. 4:18CV1930 HEA, at *8 (E.D. Mo. Jun. 12, 2019). Furthermore, Defendant Sutton's alleged conduct has greatly hindered Doe's ability to establish personal relationships without fear of his privacy being invaded. Thus, Plaintiff's substantial privacy right regarding his sexual relations would heavily outweigh the customary constitutionally-embedded presumption of openness in a judicial proceeding.

3

Finally, Plaintiff Doe asserts a civil cause of action relating to the disclosure of intimate images under 15 U.S.C. § 6851 in his First Amended Complaint. Specifically, § 6851(b)(3)(B) allows for the court to grant injunctive relief maintaining the confidentiality of a Plaintiff using a pseudonym.

## CONCLUSION

THEREFORE, because Plaintiff Doe would be required to disclose information of the utmost intimacy, Plaintiff respectfully requests that his request to proceed in this matter under a pseudonym would be GRANTED by the court.

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone:  (314) 293-3756
Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

4