UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-CV-1312 |
| ) | |
| vs. ) | |
| ) | |
| LESLIE SUTTON, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ALLOW PLAINTIFF TO PROCEED UNDER PSEUDONYM

COMES NOW Defendant, Leslie Sutton ("Defendant"), by and through undersigned counsel, and for her Memorandum in Opposition to Plaintiff's Motion for Leave to Allow Plaintiff to Proceed Under Pseudonym, states as follows:

### INTRODUCTION

Plaintiff John Doe ("Plaintiff") filed this instant action in state court without first seeking permission to sue under a pseudonym. After removal to this Court, Plaintiff was ordered to file a request seeking permission to sue under a pseudonym or face dismissal of his action. Plaintiff's Motion for Leave, though, falls short of the requisite showing to allow a litigant to proceed under a pseudonym as this case does not involve matters of the utmost intimacy. Further, Plaintiff created a public website doxing and defaming Defendant and purposefully mailed a copy of his lawsuit to Defendant's parents in order to inflict emotional distress subjecting him to tort liability. Basic fairness coupled with the strong presumption against pseudonyms dictate that Plaintiff's request to proceed under a pseudonym should be denied.

1

**STANDARD TO SUE UNDER PSEUDONYM**

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Similarly, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." The Federal Rules of Civil Procedure do not contemplate the anonymity of parties. *M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998). *see also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to [Rule] 10(a) which requires the names of all parties to appear in the complaint."). The two rules cited above, Rule 10(a) and 17(a), create a strong presumption against allowing parties to use a pseudonym. *Doe v. Washington University*, 2023 WL 1771111 (E.D. Mo. Jan. 20, 2023). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (citation omitted); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Despite the presumption against pseudonymity, courts have occasionally permitted plaintiffs to proceed under a pseudonym in exceptional circumstances. *Doe* at 2. In such cases, courts apply a balancing test, weighing a variety of (non-exclusive) factors to determine whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings. *Id*. citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Admittedly, many courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve <u>compelled</u> sex acts that degrade and stigmatize the victim (the

2

distinction between compelled and consensual acts is paramount in this matter). Public disclosure might cause the victim additional and unnecessary psychological trauma. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195–96 (E.D.N.Y. 2006). The public has an interest in protecting the identities of rape victims, who will feel more comfortable suing to vindicate their rights if they can proceed under a pseudonym. *Doe v. Penzato*, Case No. 10-cv-5154, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011). And the defendant faces the same public exposure regardless of whether the victim's name is exposed. *Id.* at *4; *see also Doe v. Cabrera*, Case No. 14-cv-1005, 2014 WL 4656610, at *4–8 (D.D.C. Sept. 10, 2014) (allowing sexual assault victim to proceed pseudonymously until trial); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (same).

On the other hand, many courts are concerned about unfairness to the defendant and the public's interest in knowing who is using the courts. "Basic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must sue under their real names." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Courts are especially hesitant to allow plaintiffs to proceed pseudonymously when they sue a private party for monetary relief. Unlike the government, private defendants have a special interest in their reputations. And unlike a criminal proceeding—prosecuted on behalf of the public when a victim may have little choice but to testify—private suits are voluntarily brought and monetary damages inure primarily to the benefit of the plaintiff, not the public. *See Doe v. JBF RAK LLC*, Case No. 14-cv-00979, 2014 WL 5286512 (D. Nev. Oct. 15, 2014) (requiring plaintiff to use her real name in suit for monetary damages against private party); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (same).

Courts in this district have observed that factors weighing in favor of a pseudonym include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing

3

information of the utmost intimacy, (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable. *Doe* citing *D.P. for Doe v. Montgomery County*, 2019 WL 2437024 at 1 (E.D. Mo. June 11, 2019).

### PLAINTIFF FAILS TO MEET BURDEN TO USE PSEUDONYM

In this matter, Plaintiff's Complaint makes no mention of challenging a government activity, fails to describe with sufficient specificity the disclosure of information to be of the utmost intimacy, makes no claim that plaintiff risks criminal prosecution, does not sufficiently show he would risk social stigma or physical threats, and does not state the Plaintiff is particularly vulnerable. Further, Plaintiff's unclean hands will lead to his inevitable identification via a counterclaim as he has damaged Defendant by defaming and doxing her as well as intentionally harming her relationship with her parents.

*Plaintiff's Alleged Privacy Concern Does Not Outweigh Interest in Open Courts or Basic Fairness to Defendant*

Plaintiff seems to argue that while he voluntarily and consensually entered into an intimate relationship with Defendant (including consenting to a variety of different sexual acts), proceeding under his real name in this lawsuit he filed against his former companion will cause him embarrassment. As is explained below, the allegations contained in Plaintiff's suit do not overcome the strong presumption against suing under a pseudonym.

*L.A. v. Gary Crossley Ford, Inc.*, 2020 WL 5880970 (W.D.Mo. October 2, 2020) is illustrative of Plaintiff's failure to meet his burden. In *L.A.*, plaintiff filed suit alleging sexual discrimination, sexual harassment, and retaliation after she was constructively discharged from her position as salesperson. She alleged that the general manager of her employer invited her to his house where they engaged in drinking and had sexual intercourse (which was apparently

4

videotaped without plaintiff's permission).  L.A. sought to proceed under a pseudonym and the Western District of Missouri denied her request.  The Court reasoned, "L.A. does not allege circumstances warranting anonymity such as 'protecting the identifies of children, rape victims, and other particularly vulnerable parties.'" citing *Doe v. Haynes*, No. 4:18CV1930 HEA, 2019 WL 2450813, at *2, 2019 U.S. Dist. LEXIS 98540, at *5 (E.D. Mo. June 12, 2019).  Similarly, Plaintiff in the instant action is not attempting to protect the identities of children or rape victims. Further, those who voluntarily engage in sexual activities with a partner are not "particularly vulnerable parties" to the degree that outweighs the presumption of the openness of judicial proceedings.

The issues presented in this case are not as severe, given the description of the photographs, as in many cases where federal district courts denied a plaintiff's request to proceed pseudonymously. In *Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa 1999), plaintiff argued that she should be allowed to proceed under a fictitious name because her claims, including claims of sexual assault, violations of the Violence Against Women Act, and severe emotional distress, arose from sexual abuse she allegedly suffered at the hands of Father Hartz. *Id.* At 1045. Plaintiff also asserted that the need for privacy was especially apparent because her claims involved questions of her religious convictions and because she risked ridicule from her faith community for attacking a religious figure. *Id*. The *Hartz* court recognized the sensitive nature of the plaintiff's claims but refused to allow her to proceed under a fictitious name. *Id*. The Court granted defendant's motion to dismiss and held "this is a case in which pleading in the plaintiff's proper name should be required to vindicate the purpose of Rule 10(a) 'to apprise the parties and their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Id*. At 1048.

Specifically, and analogously, the Court in *Hartz* reasoned, "there is considerable appeal to the defendants' argument that they should not be held up to public ridicule while their accuser remains anonymous, when it is their accuser who has focused public attention on the circumstances she finds embarrassing." citing *Shakur,* 164 F.R.D. at 361 (concluding that, "[o]n balance," plaintiff's concerns were "outweighed" by several considerations, including the fact that "the plaintiff has chosen to bring this lawsuit [and][f]airness requires that she be prepared to stand behind her charges publicly," as well as the fact that the defendant "ha[d] been publicly accused"). The *Hartz* court further held that the sexual nature of the alleged wrongdoing was insufficient to warrant proceeding under a fictitious name. Although discussing sexual proclivities may be "uncomfortable," it does not constitute an invasion of privacy as to justify anonymity.

Other federal courts have held that the public's interest in open court proceedings outweighs a plaintiff's preference for anonymous prosecution of her claims. *See e.g.*, *Doe v. Univ. of Rhode Island*, 1993 WL 667341 (D.R.I. Dec, 1993) (holding that a student who was sexually assaulted as a result of the University's alleged negligence should not be permitted to proceed under pseudonym despite purported risks to her safety, personal embarrassment, and ridicule); *see also Yocom*, 257 F.3rd 1171 (unmarried adult couples who challenged Utah's fornication and sodomy were precluded from proceeding anonymously);

In a more recent case in this district, the plaintiff was denied his request to proceed pseudonymously after arguing to preserve his privacy in a matter that was sensitive and highly personal. *John Doe v. Jane Doe*, No. 5:22 CV 500 DBM, 2023 WL 115563, (E.D. Mo. Jan. 18, 2023). The *Doe* case concerned alleged false statements of sexual assault made about the plaintiff by the defendant. In denying the request to proceed with a pseudonym, the Court's analysis relied heavily on the notion of basic fairness and stated, "When a plaintiff accuses an individual of

6

wrongdoing, 'basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.'" *Id*. citing *S. Methodist Univ. Ass'n of Women L. Students v. Wayne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). The Court concluded, "Basic fairness counsel against allowing plaintiff to proceed pseudonymously in this case. It would be fundamentally unfair for plaintiff to be able to "clear his name" and wield a potential judgment against Jane Doe to his advantage but hide under a shield of anonymity if unsuccessful. Therefore, this factor weighs significantly against allowing plaintiff to proceed pseudonymously." *Id*.

The same is true here. Plaintiff should not be allowed to name Defendant in this suit, thereby publicizing her formerly anonymous sex work activity and accuse Defendant of violating laws prohibiting the dissemination of photographs, all while remaining anonymous. The cases cited above involving allegations of sexual assault involved matters that were of a more intimate nature than the conduct described in this matter and the plaintiffs but were nonetheless not allowed to proceed with a pseudonym.

### *Plaintiff's Description of Photographs are Insufficient*

Perhaps most importantly, Plaintiff does not provide a sufficient description of the subject photographs to allow the Court to conclude that they are of the utmost intimacy. Neither Plaintiff's state court Petition or his Motion for Leave to Proceed Under Pseudonym contain specific descriptions of the photographs and, instead, conclusory describe the photographs as "intimate[1]." Plaintiff does not specifically describe the photographs so that the Court could consider whether the photographs are, indeed, intimate.

---

[1] Defendant acknowledges that Plaintiff's proposed Amended Complaint appears to contain additional details of the photographs in Count II. However, these allegations literally mirror the statutory language of 15 U.S.C. §6851 and are not actual descriptions of what the photographs depict.

7

This failure is likely purposeful because the photographs Plaintiff alleged were distributed by Defendant are not of the utmost intimacy. They do not depict Plaintiff in undress. They do not depict Plaintiff performing or engaging in any sexual act. Plaintiff even concedes that one of the photographs does not depict his face. One of Defendant's main defenses in this case will be that the photographs simply do not qualify as images that are covered by either RSMo. §573.110 or 15 U.S.C. §6851.

The Court should be cautioned by Plaintiff's vague and conclusory descriptions of the photographs, especially in light of Plaintiff's intentional acts (see below). At a minimum, Plaintiff should have provided a detailed description of the photographs so some type of determination could be made as to the intimate nature of the photographs. Providing copies of the photographs (with Plaintiff's face blurred out) would have been helpful and confirmed what was actually depicted in the photographs. Without either, Plaintiff's Complaint is woefully inadequate and, on its face, does not establish that the photographs concern a subject matter that is of the utmost intimacy.

***Plaintiff's Torts Against Defendant Make Disclosure of His Name Inevitable***

What's more, the identification of Plaintiff is inevitable as he published a website doxing and defaming the Defendant and, separately, mailing a copy of the Petition to Defendant's parents. Plaintiff's actions post-filing suit reveal his true intention: to ruin Plaintiff's name and life. Plaintiff's conduct is actionable and mandates the disclosure of his real name.

At or around the time of filing suit, Plaintiff created a website with the domain <u>leslie-sutton.com</u> publishing a photograph of Defendant while also identifying her name, employer, occupation, home address, and pseudonyms Defendant utilized on several different social media platforms. In addition to doxing Defendant, Plaintiff stated that Defendant sexually assaulted him.

8

The publication of this website was defamatory and presumably done to cause Defendant distress (Plaintiff texted Defendant the link to the website after filing suit and publishing the site to ensure she was aware of it).  Upon learning of the website, Defendant's counsel directed Plaintiff's counsel to take the website down immediately.  In an apparent acknowledgement of its defamatory nature, Plaintiff's counsel instructed Plaintiff to remove the content of the site and, as of the drafting of this pleading, the site contains no content (although the domain still exists).  Defendant intends to file a counterclaim against Plaintiff for defamation and infliction of emotional distress as a result of the creation and publication of this website (Defendant has attached hereto as ***Exhibit A*** its proposed counterclaim that she intends to timely file if/when leave is granted to Plaintiff to file an Amended Complaint).  Plaintiff's real name should be identified in this counterclaim.

Plaintiff's warpath to ruin Defendant's life and cause her distress did not end with the publication of the above-referenced website.  Plaintiff, knowing that Defendant's parents were unaware of her online profiles and work related thereto or the relationship Defendant had with Plaintiff, and knowing that disclosure of the same would cause her great distress and embarrassment, mailed a copy of the Petition he filed in state court to Defendant's parents.  There is no reason to mail a copy of the Petition to Defendant's parents other than to cause Defendant distress and attempt to ruin her life.  Plaintiff is clearly using his allegations and suit, filed under the protection of anonymity, to inflict great harm to Defendant (beyond simply seeking monetary damages).  Accordingly, Defendant intends to pursue a claim for actionable torts related to the intentional and harmful conduct of mailing a copy of the Petition to her parents (see Exhibit A).

Plaintiff comes here with unclean hands.  His own tortious acts subject him to being identified by his real name as a counterclaim-defendant.  It defies the notion of basic fairness that Plaintiff could proceed pseudonymously in his claim against Defendant while also remaining

anonymous as a counterclaim-defendant. Consequently, his request to proceed under pseudonym should be denied.

## CONCLUSION

Plaintiff's claims do not meet the exceptional circumstances that could potentially warrant overcoming the strong presumption of suing in one's real name. Litigants who have alleged sexual harassment, sexual assault, and even had their sexual encounters videotaped without their knowledge were not allowed to sue under a pseudonym. In light of the precedence cited above and considering the vague description of the subject photographs, the Court should not allow Plaintiff to proceed with a pseudonym. Finally, the Plaintiff's real name should be disclosed as he has committed tortious acts of his own and he should not be allowed to hide under the cloak of anonymity while publicly exposing and intentionally causing Defendant distress.

WHEREFORE, Defendant, Leslie Sutton, requests that this Court enter an Order dismissing Plaintiff's cause of action against her for failure to sue under a proper name, or in the alternative, require Plaintiff to amend his petition to include his name pursuant to the caption requirements in the Federal Rules of Civil Procedure, and for further relief as the Court deems just and proper.

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 15th day of November, 2023, on the counsel of record listed below.

Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 6343
joe@ott.law
mark@ott.law
***Attorneys for Plaintiff***


                                            */s/ Justin A. Hardin*
                                            Justin A. Hardin, #57555MO

29551937.1