UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHN DOE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 4:23-CV-1312 |
| vs. | ) ) | |
| LESLIE SUTTON, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CERTAIN COUNTS OF PLAINTIFF'S COMPLAINT**

Comes now Defendant, Leslie Sutton ("Defendant"), by and through undersigned counsel, and for her Memorandum in Support of her Motion to Dismiss Certain Counts of Plaintiff John Doe's ("Plaintiff") Complaint states to the court as follows:

**INTRODUCTION**

Plaintiff filed this instant action against Defendant seeking damages for alleged violations of a number of privacy torts, infliction of emotional distress and an alleged violation of Missouri's statute prohibiting the distribution of certain photographs. Defendant moves herein to dismiss Counts II-V of Plaintiff's Complaint for failure to state a claim.

**MOTION TO DISMISS STANDARD**

This Court may grant a Motion to Dismiss a complaint, or any part of it, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). When it is clear from the facts of the Complaint that there is some insuperable bar to relief, a court should grant a Rule 12(b)(6) motion. *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000). "To

1

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertions devoid of further factual enhancement" are not sufficient. *Iqbal*, 556 U.S. at 663.

In summary, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown' – that the pleader is entitled to relief." *Id*. (Quoting Fed. R. Civ. P. 8(a)(2)). "Dismissal is appropriate when the compliant 'on its face shows a bar to relief.'" *Cutrer v. McMillian*, 308 F.App'x 819, 820 ((5th Cir. 2009) (*per curiam*).

## **ARGUMENT**.

I.  **Count II – Intrusion Upon Seclusion**

In Count II, Plaintiff attempts to state a claim for the common law action of intrusion upon seclusion. To establish a claim for intrusion upon seclusion, Plaintiff must establish: (1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that

subject matter private; and (3) the obtaining of information about the subject matter by defendant through some method objectionable to the reasonable person. *Porters Building Centers, Inc. v. Sprint Lumber*, No. 16-06055-CV-SJ-ODS, 2017 WL 4413288, at 84 (W.D. Mo. Oct. 2, 2017) (citing *Corcoran v. Sw. Bell Tel. Co.*, 572 S.W.2d 212, 215 (Mo. Ct. App. 1978).

Here, with respect to the photographs described as "Set 1," which allegedly concern 3-5 photographs taking on or about August 27, 2022, Plaintiff conceded that these photographs were taking with his consent: "***While there, Plaintiff Doe consented to Defendant Sutton taking intimate photographs prior to having sexual intercourse….***" (See Plaintiff's Petition at ¶12) (emphasis added). Accordingly, for "Set 1," Plaintiff's own facts defeat a claim for intrusion upon seclusion as his Petition conceded the photographs were taken with his consent and therefore were not obtained by defendant through some method objectionable to the reasonable person. It is axiomatic that taking photographs of someone with their consent is not obtaining such information through a method that is objectionable to the reasonable person.

Additionally, with respect to the one photograph referenced in "Set 2," Plaintiff only makes a vague reference that it is an "intimate" photograph but provides no further description other than admitting his face is not visible. Without any further description, Plaintiff has failed to allege facts to support the contention that this photograph concerns a "secret and private subject matter." A conclusory statement that the photograph is "intimate" cannot suffice.

Plaintiff has not pled sufficient facts to state a claim for intrusion upon seclusion and Count II should be dismissed.

**Count III – Public Disclosure of Private Facts**

To prevail on a claim of public disclosure of private facts, a plaintiff must establish (1) publication by defendant to a large number of people; (2) the absence of a grant by plaintiff to

defendant of any waiver or privilege; (3) the disclosure of private information in which the public has no legitimate interest or concern; and (4) disclosure in such a way as to bring shame or humiliation to an individual of ordinary sensibilities. *Maxwell v. Express Scripts, Inc.*, No. 4:11 CV 1315 CDP, 2012 WL 996651, *7 (E.D. Mo. Mar. 22, 2012) (citing *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 498–99 (Mo. Ct. App. 1990)).

Plaintiff's claim for public disclosure of private facts fails because he fails to allege facts to support a public disclosure. *St. Anthony's Medical Center v. H.S.H.*, 974 S.W.2d 606, 610 (Mo.App 1998) is instructive on this issue. The claim in *St. Anthony's* concerned the alleged publication of a patient's medical records to one individual. The Court in *St. Anthony's* discussed the first element of this claim when it granted a motion for summary judgment for St. Anthony's: "'Publication,'" for purposes of invasion of privacy claims based on public disclosure of private facts, means communication to the public in general or to a large number of persons, as distinguished from one individual or a few.'" *Id*. citing *Biederman's of Springfield, Inc. v. Wright*, 322 S.W.2d 892, 898 (Mo. 1959).

Plaintiff does not allege publication to the public in general or even to large number of people. Rather, Plaintiff claims the photographs from "Set 1" were published to approximately sixteen (16) individuals and the single photograph constituting "Set 2" was disseminated to just one (1) individual. (Complaint ¶¶ 15: 20-24). The alleged publication to less than 20 people cannot meet the definition of publication to the general public or to a ***large*** number of persons. Accordingly, Count III fails to state a claim.

Further, the photographs in "Set 1" have not been described specifically to rise above the level of mere speculation as to what private information was disclosed. Plaintiff described the photographs as "3-5 intimate photographs . . . where he is sitting on her couch wearing a brown-

colored collar around his neck." By that description, there is no indication that private information was disclosed. "Set 2" is described in the complaint as having "no part of Plaintiff's face visible…" and lacks any other specific description as to the content of the photograph to rise above mere speculation as to the private information disclosed.

Plaintiff failed to allege facts to support the required element that the photographs were published to the public in general or to a large number of people. Rather, Plaintiff simply concluded that private information was disclosed. Further, Plaintiff did not describe with specificity the content of the photos that would support the alleged disclosure of private information. Accordingly, Count III should be dismissed.

**Count IV – Intentional Infliction of Emotional Distress**

The essential elements of a claim for intentional infliction of emotional distress are: (1) The defendant's conduct must be outrageous or extreme; (2) The defendant must act intentionally or recklessly; (3) There must be extreme emotional distress that results in bodily harm; (4) Caused by the defendant's conduct; and (5) The conduct must be intended solely to cause extreme emotional distress to the victim. *Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. App 2008). *See also*, *Conway v. St. Louis County*, 254 S.W.3d 159, 165-66 (Mo. App. 2008).

As demonstrated above, the description of the subject photographs is lacking in specificity to adequately ascertain their content and support a factual basis that the dissemination of the same was outrageous or extreme. As described in the Complaint, the photographs do not rise beyond the level of speculative content.

Additionally, Plaintiff claims to have suffered humiliation, mental anguish, and severe emotional distress. However, nowhere does he claim this resulted in bodily harm. The Western District court recently relied on a pair of Missouri Supreme Court cases that required plaintiffs to

5

allege bodily harm resulting from any intentional infliction of emotional distress when they granted a motion to dismiss when the plaintiff alleged merely "stress and anxiety." *Kirsten v. Cape Royale at Ski Harbor Condominium Owners Association Inc.*, No. 2:22-CV-04109-MDH, 2022 WL 7108312, at 3 (W.D. Mo. Oct. 12, 2022) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997). "To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *K.G. v. R.T.R*, 918 S.W.2d 795, 799 (Mo. Banc 1996) ("Missouri has recognized a cause of action for intentional infliction of emotional distress. 'In order to state an emotional distress claim, the plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.'") (citing *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. banc 1993) and *Restatement (Second) of Torts, § 46*)).

Finally, Plaintiff failed to allege that the dissemination was intended to "solely" cause extreme emotional distress. In *Kirsten*, the court relied on *Gibson* when it granted their motion to dismiss and noted the requirement for intentional infliction of emotional distress claims must show defendants intended their conduct ***only*** to cause plaintiffs' extreme emotional distress *Kirsten,* 2022 WL 7108312, at 4 (emphasis added). In *Gibson*, the Archdiocese was accused of intentional infliction of emotional distress for allowing sexual assault to happen and for covering up the incident and other such incidents by the co-defendant and other priests. *Gibson*, 952 S.W.2d at 248. The court ruled the trial court did not err when it dismissed the claim and reasoned "the allegations do not support the inference that the Diocese's sole purpose in its conduct was to invade Gibsons' interest in freedom from emotional distress." *Id* at 245.

Likewise, here Plaintiff failed to allege facts sufficient to state a claim for intentional infliction of emotional distress. Accordingly, Count IV should be dismissed.

**Count V – Negligent Infliction of Emotional Distress**

The required elements to establish a claim of negligent infliction of emotional distress are: (1) The defendants "realized or should have realized that their conduct involved an unreasonable risk of causing distress;" and (2) The plaintiff "suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant. *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001).

As with the other counts, Count V, once again, fails to describe the photographs with specificity so as to meet the elements of Plaintiff's claim. Plaintiff's description of the photographs lacks facts to support the notion that Defendant realized or should have realized her conduct involved an unreasonable risk of causing distress. The photographs in "Set 1" have not been described specifically to rise above the level of mere speculation as to what private information was disclosed. Plaintiff described the photographs as "3-5 intimate photographs . . . where he is sitting on her couch wearing a brown-colored collar around his neck." By that description, there is no indication that private information was disclosed. These facts do not support a claim that Defendant should have realized her conduct involved an unreasonable risk of causing distress. Finally, "Set 2" is described in the complaint as having "no part of Plaintiff's face visible…" and lacks any other specific description as to the content of the photograph to rise above mere speculation as to the private information disclosed. Again, the description of the photograph does not allege facts that support a claim that Defendant should have realized her conduct involved an unreasonable risk of causing distress.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion and dismiss Counts II – V of Plaintiff's Complaint for failure to state a claim.

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 15th day of November, 2023, on the counsel of record listed below.

Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 6343
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO

29520081.1