UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | )  Case No. 4:23-CV-1312 |
| | ) |
| vs. | ) |
| | ) |
| LESLIE SUTTON, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT I OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes now Defendant, Leslie Sutton ("Defendant"), by and through undersigned counsel, and for her Memorandum in Support of her Motion to Dismiss Count I of Plaintiff John Doe's ("Plaintiff") Second Amended Complaint states to the Court as follows:

**INTRODUCTION**

Plaintiff filed this instant action against Defendant seeking damages for alleged violations of a number of privacy torts, infliction of emotional distress and an alleged violation of Missouri's statute prohibiting the distribution of certain photographs. Defendant moves herein to dismiss Counts I of Plaintiff's Second Amended Complaint for failure to state a claim.

**MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation

1

omitted). The factual content of a plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  If a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

When ruling on a motion to dismiss, the Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in its favor, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78. Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555).

## **ARGUMENT**.

**I.     RSMo. §573.110 Requires Defendant to Act with Certain Intent**

In Count I, Plaintiff attempts to state a claim under RSMo. §573.110, which provides for a private cause of action against one who commits the offense of nonconsensual dissemination of private sexual images.  Section 2 of RSMo. §573.110 describes the offense prohibited and states:

> "A person commits the offense of nonconsensual dissemination of private sexual images if he or she: (1) Intentionally disseminates an image **with the intent to harass, threaten, or coerce another person**: (a) Who is at least eighteen years of age; (b) Who is identifiable from the image itself or information displayed in connection with the image; and (c) Who is engaged in a sexual act

2

or whose intimate parts are exposed, in whole or in part." (emphasis added).

By the plain and unambiguous language of RSMo. §573.110, Plaintiff must allege and prove that the Defendant disseminated the subject images *with the specific intent* to harass, threaten, or coerce another person.  In other words, RSMo. §573.110 is not a strict liability statute; the defendant must have acted with a certain and specific intent.

Plaintiff's Second Amended Complaint is completely devoid of any factual allegations that would suggest Defendant disseminated the subject photographs with the intent to harass, threaten, or coerce anyone.  On its face, Plaintiff's Second Amended Complaint simply does not set forth facts that would imply such an intent and does not even conclusory allege that Defendant's intent was to harass, threaten or coerce anyone.

Certainly, the alleged dissemination of the subject images was not meant to harass, threaten, or coerce Plaintiff as his own Second Amended Complaint established that the photographs were disseminated without his knowledge.  With respect to the "Set 2" photograph, Plaintiff alleged that he was unaware of the dissemination of the photograph until a subscriber to Defendant's LoyalFans.com account contacted Plaintiff and asked for additional photographs. (See Doc. #17 at ¶20-22).  In other words, the dissemination was done without Plaintiff's knowledge and therefore could not have been done to harass, threaten, or coerce him.  Further, Plaintiff alleged that Defendant disseminated the photograph to sell it to said subscriber.  Said another way, Plaintiff's allegations establish Defendant intended to profit from the dissemination of the photograph, not harass, threaten, or coerce Plaintiff.

Plaintiff further alleged that he inquired of Defendant about the dissemination of any other photographs.  (See Doc. #17 at ¶23).  Plaintiff alleged that Defendant admitted to sharing one photograph on a private Twitter account and the same was then immediately deleted.  (See Doc.

3

#17 at ¶23). Again, this photograph from "Set 1" could not have been disseminated with the intent to harass, threaten, or coerce Plaintiff as Plaintiff was unaware of its dissemination. It defies logic that one would attempt or intend to harass, threaten, or coerce someone by disseminating a photograph of them without the subject of the photograph knowing of the dissemination of the photograph.

Finally, Plaintiff's Second Amended Complaint does not contain any allegations that the alleged dissemination of the subject photographs was done with the intent to harass, threaten, or coerce *anyone else[1]*.

RSMo. §573.110 clearly and plainly states that the prohibited offense, and thereby the offense which could form the basis of a private cause of action, must be committed with the specific intent to harass, threaten, or coerce someone. Said another way, this specific intent is a necessary element of the private cause of action. Accordingly, Plaintiff must plead facts to support this element. Plaintiff has not pled any such facts. Rather, his Second Amended Petition alleges facts that foreclose the possibility that Defendant's intent was to harass, threaten, or coerce anyone. As a result, Plaintiff's purported claim under RSMo. §573.110 is fatally deficient and must be dismissed.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court grant her Motion and dismiss Count I of Plaintiff's Second Amended Complaint for failure to state a claim.

---

[1] The only other person identified in Plaintiff's Second Amended Complaint who had knowledge of the photographs is the unnamed LoyalFans.com subscriber. There is no allegation that the dissemination of the photograph to this individual was done with the intent to harass, threaten, or coerce the individual. On the contrary, the subscriber purchased the photograph thereby dispelling any notion that Defendant's intent was to harass, threaten, or coerce the subscriber.

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 27thday of March, 2024, on the counsel of record listed below.

Joseph A. Ott
Mark E. Blankenship, Jr.
3544 Oxford Blvd.
Maplewood, MO 6343
joe@ott.law
mark@ott.law
***Attorneys for Plaintiff***

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO

30200863.1

5