IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE | ) |
|     Plaintiff | ) Case No. 4:23-cv-01312-SEP |
| v. | ) |
| LESLIE SUTTON | ) |
|     Defendant | ) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT I

Plaintiff filed this action against Defendant seeking damages for privacy torts, infliction of emotional distress and an alleged violation of Mo. Rev. Stat. § 573.110, which prohibits the nonconsensual distribution of certain photographs. On or around March 27, 2024, Defendant filed their Motion to Dismiss Count I of Plaintiff's Complaint for failure to state a claim.

Defendant generally argues that Plaintiff has not satisfied the *mens rea* element of Mo. Rev. Stat. § 573.110 in that Plaintiff did not allege that Defendant Sutton, in distributing the photos, "intended" to harass or humiliate Plaintiff Doe. That argument is wrong because Defendant Sutton, by distributing the images without Plaintiff's consent, necessarily intended harassment or humiliation. Pleading that the photos were distributed without consent raises Plaintiff's right to relief above a speculative level and defeats the motion to dismiss because at minimum the most likely reason Defendant did so was to humiliate Plaintiff.

**1. In order to survive a Motion to Dismiss, Plaintiff need only show facts sufficient to raise the right to relief above the speculative level.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead

1

"enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

**2. Plaintiff has pled sufficient facts to support a claim under Mo. Rev. Stat. § 573.110, because Plaintiff alleged that the distribution involved repeated conduct from which a finding of an intent to harass is at minimum "above the speculative level."**

Defendant Sutton argues that Plaintiff's Second Amended Complaint is completely devoid of any factual allegations that would suggest Defendant disseminated the subject photographs with the intent to harass, threaten, or coerce anyone. Furthermore, Defendant Sutton asserts that Plaintiff's Second Amended Complaint simply does not set forth facts that would imply such an intent and does not even conclusory allege that Defendant's intent was to harass, threaten or coerce anyone. Plaintiff Doe disagrees.

Plaintiff is only required to plead sufficient facts about the photos to raise above the "speculative level" that the photographs concern a secret and private subject matter. Defendant Sutton does not dispute that sexually explicit photographs were taken of Plaintiff Doe, nor does

2

she deny that at least one photograph was disseminated without Plaintiff Doe's consent. Defendant argues that the intent element was never satisfied, because Plaintiff had no initial knowledge of Defendant's dissemination of the alleged photographs in question. Defendant further argues that because she sold an image to a subscriber, that her *sole* intent was to profit from the image, not to harass, threaten, or coerce Plaintiff Doe.

Yet Defendant Sutton ignores the fact that she and Plaintiff Doe became involved in a sadomasochist relationship prior to the dissemination of such photographs. *Second Amended Complaint,* ¶¶ 7, 10, and 35. Sadomasochism is defined as the "derivation of sexual gratification from the infliction of physical pain or humiliation either on another person or oneself."[1] Dissemination of sadomasochistic content is explicitly defined as being violative of the statue. Mo. Rev. Stat. § 573.110(9)(e). Defendant Sutton profits from doing a particular type of online sex work, where she takes on a dominant role and controls or exerts authority over her male submissive partner through various activities, such as role-playing, power exchange, bondage, discipline, and humiliation. *Second Amended Complaint,* ¶¶ 7, 10, and 35. Such domination and humiliation can also be financial in form. *Second Amended Complaint* ¶ 7. In other words, the intent to harass element of R.S. Mo. § 573.110 is proven merely in virtue of the dissemination of the photos without consent. *Second Amended Complaint,* ¶¶ 7, 10, and 35. The fact that Defendant Sutton was possibly motivated to profit off the dissemination does not negate any other motivations behind why disseminated the image, and certainly does not reduce Plaintiff's claim to being less than a speculative level.

Although there is no specific definition for the term "harass" in either § 573.110 or § 573.010, other courts interpreting similar statutes have routinely found that the conduct depicted

---

[1] *Sadomasochism*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/sadomasochism (last visited April 8, 2024).

in the complaint should qualify. In *People v. Austin*, the Illinois Supreme Court found a similarly worded Illinois criminal statute that prohibited "non-consensual dissemination of private sexual images" was found to survive a strict scrutiny analysis where a defendant challenged the statute on First Amendment grounds. *People v. Austin*, 440 Ill. Dec. 669, 683 (Ill. 2019). The court there collected case law nationwide in support of their historically unusual finding that a statute implicated and restricted speech, but nevertheless was enforceable because of the compelling nature of the government's interest in prohibiting the non-consensual distribution of pornography. The Court notes for instance that:

> Victims are frequently harassed, solicited for sex, and even threatened with sexual assault and are fired from their jobs and lose future employment opportunities. Victims additionally suffer profound psychological harm. Victims often experience feelings of low self-esteem or worthlessness, anger, paranoia, depression, isolation, and thoughts of suicide. "Beyond the obvious embarrassment suffered, victims are often threatened with bodily harm, fired from their jobs, or forced to change their names. Some have been driven to suicide."
>
> *People v. Austin*, 440 Ill. Dec. 669, 691-92 (Ill. 2019) (internal citations omitted).

Likewise, the non-consensual dissemination of sadomasochistic content is on its face sufficient to raise the specter that Defendant Sutton did so with the express intent to humiliate above a speculative level. In the *Austin* case, the court noted that the term "revenge porn" is misleading because "revenge" suggests vengeance, but "perpetrators may be motivated by a desire for profit, notoriety, entertainment, or for no specific reason at all," and "porn" is misleading in suggesting "that visual depictions of nudity or sexual activity are inherently pornographic."[2] The issue is not Defendant Sutton's purported state of mind when disseminating the conduct, the issue

---

[2] *See also* Mary Anne Franks, *"Revenge Porn" Reform: A View From the Front Lines*, 69 FLA. L. REV. 1251, 1257-58 (2017); Diane Bustamante, *Florida Joins the Fight Against Revenge Porn: Analysis of Florida's New Anti-Revenge Porn Law*, 12 FLA. INT'L. U. L. REV. 357, 364 (2017).

Case: 4:23-cv-01312-SEP   Doc. #: 23   Filed: 04/10/24   Page: 5 of 8 PageID #: 200

is the dissemination itself. The fact that the same occurred necessarily gives rise to the inference that it was done with an intent to humiliate. The nature of disseminating this specific type of content is so damaging that the Missouri legislature passed a statute specifically prohibiting it, following 43 other states that have done the same. Likewise, the *Austin* court found that even though such a restriction probably prejudices certain First Amendment protected conduct, preventing the putative harm caused by such dissemination is a compelling interest. Given the gravity of the harm, the allegation that the content was distributed without consent must raise the right to relief above a speculative level because any person disseminating such conduct must be presumed to have done so with the intent to humiliate.

No cases have analyzed the meaning of "harass" within Mo. Rev. Stat. § 573.110. In *Soule v. Langley Recycling, Inc.*, No. 4:19-cv-01031-DGK, at *2 (W.D. Mo. Mar. 18, 2020), the Western District of Missouri denied Plaintiff's Motion to Remand but passes no judgement on the statute itself. *Black's Law Dictionary* defines "harassment" as the repeated and/or persistent use of words, conduct, or action "that, being directed at specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose. . . ."[3] In other words, such conduct is harassing if it occurred more than once. Here, Plaintiff alleges that the materials were disseminated and downloaded an <u>unknown</u> amount of times, but the fact that at least one individual was motivated enough to reach out to Plaintiff after viewing the materials makes more than speculative the claim that it was disseminated multiple times. Presumably viewers of such conduct are not on average motivated to do so, and it is reasonable to suspect that a large number of people saw the content.

---

[3] *See* BRIAN A. GARDNER, BLACK'S LAW DICTIONARY 831 (10th Ed., 2014).

In *Ex Parte Jone*s, the Texas Supreme Court construed a similar, criminal statute and the underlying *mens rea* of "intentionally" to find that state's law prohibiting non-consensual distribution of pornography to be constitutional against a First Amendment challenge. *Ex parte Jones*, 625 S.W.3d 118 (Tex. Crim. App. 2021). The court there focused on the non-consensual nature of the dissemination to find that the statute did not offend the First Amendment:

> "The reason that "revenge porn" may be prohibited consistent with the Supreme Court's First Amendment jurisprudence, if at all, is that it is disclosed without the effective consent of the depicted person, thereby invading the substantial personal privacy interest of the depicted person in an essentially intolerable manner. " *Ex parte Jones*, 625 S.W.3d 118, 120 (Tex. Crim. App. 2021).

In particular, the Court there noted – as Plaintiff urges this Court too – that the plain language of the statute requires culpable mental state to the "non-consensual" circumstance of the dissemination —both from the standpoint of ordinary principles of criminal liability. *See Robinson v. State* , 466 S.W.3d 166, 171 (Tex. Crim. App. 2015) ("[W]hen the circumstances of the conduct render specific conduct unlawful, a culpable mental state must attach to the circumstances of the conduct."), and also to assure that it may be regulated despite its jurisprudential status as protected speech. *Ex parte Jones*, 625 S.W.3d 118, 120 (Tex. Crim. App. 2021).

Here, Plaintiff Doe has sufficiently pled that Defendant Sutton had on more than one occasion took sexually explicit images of Plaintiff Doe and disseminated over the Internet, without his consent. *Second Amended Complaint,* ¶¶ 26-27, 31-35. Such conduct is directed at Plaintiff Doe, because both sets of images in question portray him. Such dissemination of images caused Plaintiff Doe substantial emotional distress. *Second Amended Complaint,* ¶¶ 29-30, 43-45. *Second Amended Complaint,* ¶¶ 32-35. The circumstances of the facts alleged are that the Defendant disseminated compromising, sadomasochistic images of Plaintiff on the internet without their consent. Such circumstance raises the right to relief above a speculative level

because it is more than mere speculation that Defendant Sutton did so with the express intent to humiliate.

## CONCLUSION

WHEREFORE, Plaintiff Doe argues that it has pled sufficient facts to support such a claim under § 573.110. For this reason, Plaintiff Doe requests that Defendant Sutton's Motion to Dismiss be DENIED. In the alternative, Plaintiff requests leave to file an Amended Complaint

                                      Respectfully submitted,

                                      **OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*

<mark>7</mark>

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 10th day of April, 2024, on the counsel of record listed below.

Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com
*Attorney for Defendant*

                */s/ Mark E. Blankenship Jr.*