IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN DOE
      Plaintiff/Counterclaim Defendant,

Case No. 4:23-cv-01312-SEP

vs.

LESLIE SUTTON

      Defendant/Counterclaim Plaintiff

## PLAINTIFF/COUNTERCLAIM DEFENDANT JOHN DOE'S MOTION TO STRIKE ATTORNEY FEES

Comes now Plaintiff /Counterclaim Defendant Doe, by and through undersigned counsel, and for his Motion to Strike Attorney's fees states to the court as follows:

### DISCUSSION

Missouri courts have long followed the "American Rule" regarding the right of a party to recover attorney's fees from another party. Generally, absent statutory authorization or contractual arrangement, each litigant must bear the expense of his own attorney's fees. *Mayor, Councilmen & Citizens, Etc. v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982); 66, *Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 594 (Mo. App. E.D. 2003). The generally recognized exceptions to the rule are: (1) fees authorized by contract or statute, (2) fees incurred due to involvement in collateral litigation, and (3) fees awarded when a court of equity finds it necessary to

award them in order to balance benefits. *Memco, Inc. v. Chronister*, 27 S.W.3d 871, 877 (Mo. App. S.D. 2000).

Here, Defendant/Counterclaim Plaintiff requests that attorney's fees be awarded for each of her counterclaims: (1) defamation, (2) disclosure of private facts, (3) false light, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress. Each of the following are common law tort claims, and Missouri courts have consistently held that attorney's fees are not recoverable in common law tort actions unless there is a specific statutory or contractual provision that allows for such recovery. *See AEFC, Inc. v. Vietti*, S.W.3d 90 (Mo.App.S.D. 2020). Defendant/Counterclaim Plaintiff has not pleaded and may not properly plead that any exception to the general "American Rule" applies. Under the well-established American Rule, Defendant/Counterclaim Plaintiff's request for attorney's fees for the prosecution of the various claims alleged against Plaintiff/Counterclaim Defendant are improper and should be stricken from her Counterclaim Complaint.

## CONCLUSION

Based on the foregoing, Plaintiff/Counterclaim Defendant Doe respectfully request that the Court GRANT his Motion and strike Defendant/Counterclaim Plaintiff's request for attorney's fees for each of her counterclaims.

Respectfully Submitted,

**OTT LAW FIRM**

*/s/ Mark Edward Blankenship Jr.*
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Phone: (314) 293-3756
Fax: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff/*
*Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I caused a copy of the forgoing to be served upon all counsel of record this 18th Day of April 2025 through electronic mail.

Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com
*Attorneys for Defendant/*
*Counterclaim Plaintiff*

*/s/ Mark E. Blankenship Jr.*