UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | Case No. 4:23-CV-1312 |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE SUTTON, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF LESLIE SUTTON'S MOTION FOR LEAVE OF COURT TO RESPOND TO PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS OUT OF TIME**

COMES NOW, Defendant/Counterclaim-Plaintiff, Leslie Sutton, by and through her undersigned counsel, and respectfully requests this honorable Court grant leave to file her Response to Plaintiff/Counterclaim-Defendant John Doe's Motion to Dismiss Counts I-II, and IV-V of Defendant/Counterclaim-Plaintiff Leslie Sutton's Counterclaim out of time. In support thereof, Defendant/Counterclaim-Plaintiff states the following:

1. The Plaintiff/Counterclaim-Defendant filed his motion to Dismiss Counts I-II and IV-V of Defendant/Counterclaim-Plaintiff's Counterclaim on April 18, 2025

2. On or about June 16, 2025, the Plaintiff/Counterclaim-Defendant filed a Notice of Supplemental Authority in Support of his Motion to Dismiss Counts I-II and IV-V, citing E.D. Mo. L.R. 4.01(B) which provides that each party opposing a motion (other than a motion seeking an extension of time) must respond within fourteen (14) days after service.

3.    The Defendant/Counterclaim Plaintiff's Response was due on May 2, 2025, but she failed to act in a timely manner due to excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).

4.    Fed. R. Civ. P. 6(b)(1)(B) states:

> When an act may or must be done within a specified time, the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

5.    Whether a party's neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 392. .Relevant circumstances include: (1) the possibility of prejudice to the party to the opposing party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for delay, including whether the delay was within reasonable control; and (4) whether the party who seeks leave acted in good faith. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

6.    In *Piccinino v. Papa John's, USA, Inc.*, 2018 WL 4853122 at *2 (E.D. Mo. Oct. 5, 2018), the court granted defendant's motion for leave to file its answer out of time, finding that a miscommunication between lead counsel and an associate indicated that the

delay was by an inadvertent mistake and not by any bad faith, and defendant's failure to file a timely answer in this case was due to excusable neglect.

7. On or about April 18, 2025, the associate tasked with responding to the Plaintiff/Counterclaim-Defendant's Motion to dismiss left Brown & James, P.C.

8. On or about April 18, 2025, the legal assistant typically responsible for calendaring response due dates was out of the office on medical leave and did not return to the office from her leave until weeks later.

9. Due to the departure of the associate who was to draft a response and the absence of the legal assistant responsible for calendaring the response deadline, counsel herein inadvertently missed the due date.

10. Counsel's failure to file a response in accordance with the local rules was not done intentionally, in bad faith, or for the purpose of delay.

11. In *Precinct, Inc. v. MWS, LLC,* 2014 WL 3734276 at *1-2 (E.D. Mo. Jul. 28, 2014), the court granted defendant's motion for leave to file out of time, finding that mistaken belief as to the due date constituted an inadvertent oversight not bad faith, and since defendant had a meritorious defense as evidenced by the answer filed with the instant motion, denying defendant leave to file its answer out of time would impose on defendant a severe penalty, especially where plaintiff has suffered no prejudice from the delay.

12. Plaintiff/Counterclaim-Defendant was not prejudiced in any way by Defendant/Counterclaim Plaintiff's excusable neglect to file her Response to Plaintiff/Counterclaim-Defendant's Motion to Dismiss in a timely manner, nor did the Plaintiff/Counterclaim-Defendant state otherwise in his Notice of Supplemental Authority.

13. During the time between April 18, 2025, and June 16, 2025, the Plaintiff/Counterclaim-Defendant conducted no discovery of any kind on the case.

14. During the time between April 18, 2025, and June 16, 2025, the Plaintiff/Counterclaim-Defendant's attorney never contacted the Defendant/Counterclaim-Plaintiff's attorney in any attempt to informally resolve any disputes contained in their Motions.

15. During the time between April 18, 2025, and June 16, 2025, the Plaintiff/Counterclaim-Defendant's attorney never noticed up any of the motions filed on behalf of the Plaintiff/Counterclaim-Defendant for argument before this Court.

16. The above referenced matter is not set to proceed to trial until November 9, 2026.

17. Failing to grant leave to Defendant/Counterclaim-Plaintiff would potentially result in undue prejudice to Defendant/Counterclaim-Plaintiff in that four of her claims in her Counterclaim could be dismissed without having been heard of the merits.

WHEREFORE and for the forgoing reasons, the Defendant/Counterclaim-Plaintiff, Leslie Sutton, prays this Court to provide the Defendant/Counterclaim-Plaintiff leave of Court to file her Response[1] to the Plaintiff/Counterclaim-Defendant's Motion to Dismiss Counts I-II, and IV-V of Defendant/Counterclaim-Plaintiff Leslie Sutton's Counterclaim out of time and for any further relief as this Court shall deem just and proper under the circumstances.

---

[1] Defendant/Counterclaim-Plaintiff files contemporaneously herewith her Response to Plaintiff/Counterclaim-Defendant's Motion to Dismiss.

4

        Respectfully submitted,

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com

Attorneys for Defendant/
Counterclaim-Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 30th day of June, 2025, on the counsel of record listed below.

Joseph A. Ott
Mark E. Blankenship, Jr.
Ott Law Firm
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff/*
*Counterclaim-Defendant*

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO

32228194.1

5