UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | )   Case No. 4:23-CV-1312 |
| | ) |
| vs. | ) |
| | ) |
| LESLIE SUTTON, | ) |
| | ) |
| Defendant/Counterclaim-Plaintiff. | ) |

**DEFENDANT/COUNTERCLAIM-PLAINTIFF LESLIE SUTTON'S RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNT I, COUNT II, COUNT IV, AND COUNT V OF HER COUNTERCLAIM**

COMES NOW Defendant/Counterclaim-Plaintiff Leslie Sutton, by and through undersigned counsel, and for her Memorandum in Opposition to Plaintiff/Counterclaim-Defendant's Motion to Dismiss Counts I-II, and IV-V of her Counterclaim states to this Court as follows:

**INTRODUCTION**

On April 4, 2025, Defendant/Counterclaim Plaintiff Leslie Sutton ("Ms. Sutton") filed her Counterclaim against Plaintiff/Counterclaim Defendant John Doe ("Doe") seeking damages for defamation, public disclosure of private facts, false light invasion of privacy, intentional inflection of emotional distress and negligent inflection of emotional distress. Ms. Sutton's claims stem from actions and events that took place after Plaintiff/Counterclaim Defendant Doe filed his lawsuit in the Circuit Court of St. Louis City on August 30, 2023. These events include Doe's creation and publication of a website

1

posting Ms. Sutton's photograph, place of employment, private and anonymous aliases on various social media websites and accusations that Ms. Sutton sexually abused Doe along with mailing a copy of the aforementioned Petition to Ms. Sutton's parents. On April 18, 2025, Doe filed a Motion to Dismiss Counts I-II and IV-V of Ms. Sutton's Counterclaim, along with a Memorandum in Support detailing his reasoning.

## MOTION TO DISMISS STANDARD

To prevail on a motion to dismiss for failure to state a claim upon which relief may be granted, the moving party must show that the plaintiff's complaint did not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss for failure to state a claim, the facts alleged in the petition are taken to be true, and the pleading party is given all favorable inferences. *Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686, 690 (Mo. Ct. App. 2005). A court must "accept the facts alleged as true, even if doubtful," such that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and a recovery is very remote or unlikely." *LifeScience Technologies, LLC v. Mercy Health,* 632 F.Supp.3d 949, 953 (E.D. Mo. 2022) (internal citations omitted).

## DISCUSSION

I. **Count I - Defamation**

The elements of defamation in Missouri are: 1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Overcast v. Billings Mutual Ins. Co.,* 11 S.W.3d 62, 70 (Mo. 2000). The requisite degree of fault for a private figure is negligence. *Id.*

There is no doubt that matters of sexuality and sexual conduct are intensely private, intensely sensitive, and a false public statement concerning them is particularly harmful. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 312 (Mo. 1993). A publication is simply the communication of defamatory matter to a third person. *Id.* The case law in Missouri is well settled that publication of a statement imputing or charging one with the commission of a crime, whether directly or indirectly, is libelous and defamatory. *Mitchell v. St. Louis Bus. J.,* 698 S.W.2d 389, 390 (Mo. Ct. App. 1985).

In Doe's Memorandum in Support of his Motion to Dismiss Count I, he contends that Ms. Sutton has not met the elements of falsity and publication in her Counterclaim for defamation. For the reasons set forth below, Doe's motion should be denied.

a. <u>Doe Accused Ms. Sutton of Committing Sexual Abuse, a Crime under Missouri Law, Making his Online Statements About Ms. Sutton Defamatory.</u>

The law is well-settled that individuals may use pejorative or vituperative language when referring to another as long as they do not suggest specific criminal conduct, which would be a statement of fact. *Henry v. Halliburton,* 690 S.W.2d 775 (Mo. 1985). For

3

example, the defendant suggested that an insurance agent was a crook and a liar, but because these words did not indicate to the ordinary reader that the plaintiff was being charged with specific criminal conduct the court held such expressions protected. *Id.* The United States Supreme Court held that an allegation that someone committed "blackmail" was an opinion because under the circumstances the ordinary reader would not have concluded that the defendant was charging the plaintiff with having committed a crime. *Id.* Alleged defamatory words must be considered in context, giving them their plain and ordinarily understood meaning. *Brown v. Kitterman*, 443 S.W.2d 146, 151 (Mo. 1969).

Missouri recognizes sexual abuse in the first and second degree as crimes. A person commits the offense of sexual abuse in the first degree if he or she subjects another person to sexual contact when that person is incapacitated, incapable of consent, or lacks the capacity to consent, or by the use of forcible compulsion. V.A.M.S. §566.100. A person commits the offense of sexual abuse in the second degree if he or she purposely subjects another person to sexual contact without that person's consent. V.A.M.S. §566.101.

Further, V.A.M.S. §632.480 defines "Sexually violent offense"

> "the felonies of rape in the first degree, forcible rape, rape, statutory rape in the first degree, sodomy in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first, second, third, or fourth degree, sexual abuse, sexual abuse in the first degree, rape in the second degree, sexual assault, sexual assault in the first degree, sodomy in the second degree, deviate sexual assault, deviate sexual assault in the first degree, or the act of abuse of a child involving either sexual contact, a prohibited sexual act, sexual abuse, or sexual exploitation of a minor, or any felony offense that contains elements substantially similar to the offenses listed above."

4

Here, Ms. Sutton pleaded facts to support the fourth element of a defamation claim by alleging that Doe published a false statement. Ms. Sutton alleged that Doe accused her of committing "sexual assault" against him. *See Ms. Sutton's Counterclaim at ¶36*. Doe admitted in his Memorandum in Support of his Motion to Dismiss that he accused Ms. Sutton of "sexual abuse" and "sexual violence" on his website. *See Doe's Exhibit 1*. As set forth above, "sexual abuse" is included in the definition of "sexual assault," and "sexual assault" is included in the definition of "sexual violence." Doe's Complaint included six causes of action, none of which included claims for sexual abuse or sexual violence, which are crimes in Missouri. Said another way, while the website he created accused Ms. Sutton of committing sex crimes, the claims in his lawsuit do not.

Importantly, Ms. Sutton denies committing sexual abuse or sexual violence as Doe accuses her on his website. Doe's use of a hyperlink to suggest that sexual violence means something else than what an ordinary reading would be given does not render his statement true. Whether Ms. Sutton committed sexual abuse or sexual violence as Doe stated on his website is a factual dispute that cannot be resolved as this stage.

  b. <u>Doe's Website Included False Statements that Ms. Sutton Violated RSMo. 573.110 Long After Count I of His Complaint Was Dismissed on March 20, 2025.</u>

On March 20, 2025, this Court dismissed Doe's cause of action against Ms. Sutton for allegedly violating RSMo. §573.110 because Doe failed to allege facts to support such a claim. In other words, Ms. Sutton did not violate RSMo. §573.110. To this day, Doe continues to publish a website accusing Ms. Sutton of violating RSMo. §573.110, which he knows is not true. This fact further supports Ms. Sutton's defamation claim.

5

    c. <u>Doe Published the Alleged Defamatory Statements About Ms. Sutton on a Public Website Accessible to Third Parties, Thus Communicating the Statements.</u>

A publication is simply the communication of defamatory matter to a third person. *Nazeri* at 312. It is well established that publication on the internet, for the entire world to see, satisfies communication to a third person. In *The Fireworks Restoration Co., LLC, v. Hosto*, 371 S.W.3d 83 (Mo.App.E.D. 2012), the appellate court affirmed a verdict entered for the plaintiff alleging reputational harm from fabricated reviews published on the internet. Doe's contention that Ms. Sutton has not alleged facts sufficient to establish the element of publication under defamation claim is simply not true as Ms. Sutton alleged (and Doe admitted in his Motion to Dismiss) that Doe created a website and published the aforementioned defamatory comments therein. This is publication.

    II.    **<u>Count II - Public Disclosure of Private Facts</u>**

Under Missouri law, the elements of the tort of unreasonable publicity given to another's private life are: (1) publication or publicity; (2) absent any waiver or privilege; (3) of private matters in which the public has no legitimate concern; (4) so as to bring shame or humiliation to a person of ordinary sensibilities. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 498-99 (Mo. Ct. App. 1990). In his Motion to Dismiss, Doe only takes issue with the third element of this claim, so only the third element will be addressed below:

Ms. Sutton alleged that on or about August 30, 2023, Doe published a website entitled <u>Leslie-Sutton.com</u> which listed Ms. Sutton's name, contact information, private online account information, along with detailed descriptions of her secret and private sex-life and a photograph of Ms. Sutton.  The information published on the public website

6

would allow anyone in the world to connect Ms. Sutton's previously anonymous profiles with her real identity. Ms. Sutton's anonymous profiles and private information associated therewith are private matter in which the public has no legitimate concern.

While the public has access to lawsuits on Case.net, Ms. Sutton's private online account information, contact information including but not limited to her place of business, and photograph were not public information available on Case.net (her private online accounts are redacted in the pleadings and her exact place of business is not specified). Further, Doe chose to connect Ms. Sutton's professional identity and place of business to her private online accounts on his website. The lawsuit did not make public Ms. Sutton's anonymous profiles. Accordingly, Ms. Sutton sufficiently pled a public disclosure of private facts, and the third element is met.

### Count IV - Intentional Infliction of Emotion Distress

The essential elements of a claim for intentional infliction of emotional distress are: (1) The defendant's conduct must be outrageous or extreme; (2) The defendant must act intentionally or recklessly; (3) There must be extreme emotional distress that results in bodily harm; (4) Caused by the defendant's conduct; and (5) The conduct must be intended solely to cause extreme emotional distress to the victim. *Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. App 2008). The conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). A well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of those facts is improbable, and recovery is very remote. *LifeScience Tech.* at 953.

    A. <u>Ms. Sutton Alleged Doe Mailed the Lawsuit to Her Parents' House, Which Must Be Accepted as True</u>

In ruling on a motion to dismiss for failure to state a claim, the facts alleged in the petition are taken to be true, and the pleading party is given all favorable inferences. *Johnson* at 690. A court must "accept the facts alleged as true, even if doubtful," such that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and a recovery is very remote." *LifeScience Tech.* at 953.

Ms. Sutton alleged in her Counterclaim that during the course of their relationship, Doe learned that Ms. Sutton's parents were completely unaware of her online sex work or participation in BDSM-related activities. She alleges "upon information and belief, on or around August 30, 2023, [Doe] mailed a copy of the lawsuit, containing allegations of a sexual nature and disclosing graphic details of [Sutton]'s anonymous online sex work, to her parents' home." ¶ 38. Furthermore, Ms. Sutton alleged that upon information and belief, Doe "printed the lawsuit, placed it in an envelope, addressed the same to [Sutton]'s parents' residence, placed a stamp on the envelope, and mailed the lawsuit to her parents with the sole intent to cause extreme emotional distress to Sutton." ¶ 78.

While Doe argues in his Memorandum in Support of his Motion to Dismiss Count IV that it seems implausible for him to have mailed the lawsuit to Ms. Sutton's parents' house and that Ms. Sutton failed to provide "supporting facts or exhibits" to establish that it was, in fact, Doe that mailed the lawsuit, Ms. Sutton's allegations, at this juncture, must

8

be taken as true, and she should be allowed to conduct discovery on the matter. Ms. Sutton's claim is not subject to a dismissal at this stage simply because Doe believes exhibits should have been attached to the Counterclaim.

B. <u>Ms. Sutton's IIED Claim Should Proceed Because a Pleader is Allowed to Plead Multiple Causes of Action Arising Out of the Same Conduct and Conduct Discovery on Those Claims.</u>

A pleader may make two or more statements of a cause of action alternatively or hypothetically in one count or in separate counts and if any one of the statements of the claim is sufficient the pleading is not bad by reason of the insufficiency of one or more of the alternative statements. *Stix & Co., Inc. v. First Missouri Bank & Trust Co. of Creve Coeur,* 564 S.W.2d 67, 70 (Mo. Ct. App. 1978).

Here, Ms. Sutton is alleging an intentional infliction of emotional distress claim for events arising from Doe's publication of a defamatory website. She also alleges that mailing the lawsuit to her parents' house constituted action which would subject Doe to liability for intentional infliction of emotional distress.

Doe claims that recovery for emotional distress as an independent tort would duplicate part of the recovery for the libel, false light, and invasion of privacy claims arising out of the same conduct. However, dismissal of Ms. Sutton's intentional infliction of emotional distress claim during the pleadings phase is premature, and she should be allowed to conduct discovery on her complaint, provided it is well-pleaded. As stated above, Missouri courts have allowed pleaders to proceed on alternative theories of liability, and Ms. Sutton has pled two theories of liability for the same conduct, which is entirely

9

proper (and a tactic employed by Doe as he alleged damages for the alleged sharing of certain photographs in each of his separate counts/theories against Ms. Sutton).

C. <u>Ms. Sutton Sufficiently Pled that Doe Solely Intended to Cause Severe Emotional Distress When He Sent a Copy of the Lawsuit to Sutton's Parents' House.</u>

In his Motion to Dismiss, Doe also takes issue with the fact that in addition to the Counterclaim stating that he acted with the sole intent to cause extreme emotional distress, it also claimed that the intention of disclosing Ms. Sutton's private and secret sex life was outrageous and extreme. Doe argued that stating he acted "with the intention of" disclosing Ms. Sutton's private and secret sex-life (was outrageous and extreme) bars her from claiming that his sole "intent" was to cause extreme emotional distress to Ms. Sutton. This demonstrates a misunderstanding of the elements of IIED.

The first element is that conduct must be outrageous and extreme. The second element is that the defendant must act intentionally. The fifth element and the element at issue here is that the conduct must be intended solely to cause extreme emotional distress to the victim. Doe appears to be applying the intention applied to a defendant's *conduct* in element five with the intention as applied to a defendant's *action* in element one. Ms. Sutton alleged that Doe intentionally disclosed her private and secret sex-life, by intentionally publishing a website and intentionally mailing the lawsuit to Ms. Suttons' parents. These facts, which are assumed to be true at this juncture, are sufficient to state a cause of action for intentional infliction of emotional distress.

### **Count V- Negligent Infliction of Emotion Distress**

To state a negligence claim, the plaintiff must allege facts showing: "(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury. *State ex rel. Tyler Technologies, Inc. v. Chamberlain,* 679 S.W.3d 474, 477 (Mo. 2023). Whether a duty exists is purely a question of law. *Id.* Claims seeking recovery of damages for the negligent infliction of emotional distress require proof of two additional elements: 1) that the defendant should have realized that his conduct involved an unreasonable risk of causing distress, and 2) that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant. *Thornburg v. Federal Express Corp.,* 62 S.W.3d 421, 427 (Mo. Ct. App. 2001).

Doe does not take issue with any of the elements of NIED, so only the general elements of negligence will be addressed here. Ms. Sutton alleged that Doe breached the duty of reasonable care by publishing secret and private sexual information without her knowledge or consent. ¶82. Doe points to no case or other authority to establish that the facts as alleged do not constitute a breach of a duty. While a lawsuit, and portions of Doe's defamatory statements were "public record," the publication on his website linking anonymous social media profiles to Ms. Sutton was not "public record."

Lastly, Doe contends that Ms. Sutton failed to demonstrate that the alleged events were the proximate cause of her emotional distress. However, Ms. Sutton pleaded that Doe's conduct caused Ms. Sutton to suffer emotional distress and mental injury that is medically diagnosable and sufficiently severe to be medically significant, and that as a

11

result of Doe's conduct, Ms. Sutton will continue to suffer serious emotional distress, humiliation, embarrassment, and potential harm from those who target women in the sex industry. ¶ 93-94. All facts pleaded are assumed to be true, with reasonable inferences that a defendant is liable for the conduct alleged. *Iqbal* at 678. For these reasons, dismissal of Count V of Sutton's Counterclaim is premature.

## CONCLUSION

Based on the foregoing, Ms. Sutton respectfully request that the Court DENY Doe's Motion to Dismiss Counts I-II and IV-V of her Counterclaim for failure to state a claim.

*/s/ Justin A. Hardin*
Justin A. Hardin, #57555MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
jhardin@bjpc.com

Attorneys for Defendant/
Counterclaim-Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 30th day of June, 2025, on the counsel of record listed below.

Joseph A. Ott
Mark E. Blankenship, Jr.
Ott Law Firm
3544 Oxford Blvd.
Maplewood, MO 63143
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff/*
*Counterclaim-Defendant*

　　　　　　　　　　　　　　　　　　　　*/s/ Justin A. Hardin*
　　　　　　　　　　　　　　　　　　　　Justin A. Hardin, #57555MO

32235547.1