**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOHN DOE,                                    )
                                             )
            Plaintiff,                       )
      v.                                     )    Case No. 4:23-cv-01312-SEP
                                             )
LESLIE SUTTON,                               )
                                             )
            Defendant.                       )

**MEMORANDUM AND ORDER**

Before the Court are Doe's Motion to Dismiss Counterclaims, Doc. [30], and Motion to Strike Attorneys' Fees, Doc. [32]. For the reasons set forth below, the motion to dismiss is granted in part and denied in part. It is granted as to Counts IV (intentional infliction of emotional distress) and V (negligent infliction of emotional distress), but with respect to Counts I (defamation) and II (public disclosure of private facts) it is denied. Count III (false light invasion of privacy) was not challenged and remains. Further, the motion to strike is granted, and the Court will strike Sutton's requests for attorneys' fees.

**FACTS AND BACKGROUND**[1]

This case arises from a relationship between Counterclaim Defendant John Doe and Counterclaim Plaintiff Leslie Sutton. Sutton operated a Twitter account where she posted sexual content and advertised private online subscription services. Doc. [28] ¶ 6. Doe initially reached out to her as a client, seeking to engage in activities such as bondage, domination, submission, and related sexual fetishes, but the parties later developed a romantic relationship based on their shared sexual proclivities. *Id.* ¶ 9. During their relationship, Doe discussed these proclivities with Sutton's online clientele, including during livestreams hosted by Sutton. *Id.* ¶¶ 12, 25-26. He also wore a collar while in public with Sutton. *Id.* ¶ 21. During their relationship, Sutton took two photos of Doe, which, while not sexually explicit in a traditional sense, appealed to Sutton's online clientele. *Id.* ¶¶ 19, 22, 30. One photo showed Doe fully clothed while wearing a collar, and the other depicted him tying Sutton's shoe. *Id.* ¶¶ 19, 22. Sutton posted one of

---

[1] For purposes of the motion to dismiss, the Court takes the factual allegations in the Counterclaim, Doc. [28], to be true. *See Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 174-175. (1965).

1

these photos to her private Twitter account where it was visible to individuals who were aware of their relationship and sexual proclivities. *Id.* ¶ 20.  Sutton posted the other photo to an account related to her online services. *Id.* ¶¶ 23, 31.  When Doe asked Sutton to remove the photos from her online accounts, she "immediately deleted the Twitter post, and attempted to remove" the other photo. *Id.* ¶ 31.

The romantic nature of their relationship eventually ceased. *Id.* ¶ 32.  After their relationship ended, Doe reached out to Sutton and threatened to contact law enforcement unless she deleted her online accounts. *Id.* ¶ 33.  Sutton complied. *Id.* ¶ 34.  This did not satisfy Doe. On August 30, 2023, he allegedly took three distinct actions against Sutton.  First, he filed a lawsuit against her in the Circuit Court of St. Louis seeking damages for the dissemination of the photos, which was subsequently removed to this Court. *Id.* ¶ 36; Doc. [1-1].  Second, he created a website accusing Sutton of sexual abuse, which listed Sutton's name, contact information, and private online account information (such as her anonymous online usernames). *Id.* ¶ 37, Doc. [31-1].  Third, he mailed a copy of the lawsuit to Sutton's parents. *Id.* ¶ 38.

Sutton filed five counterclaims against Doe, including Count I for defamation; Count II for public disclosure of private facts; Count III for false light invasion of privacy; Count IV for intentional infliction of emotional distress; and Count V for negligent infliction of emotional distress.  Doc. [28].  In the instant motion, Doe moves to dismiss Counts I, II, IV, and V, of the Counterclaim for failure to state a claim.  Doc. [30].  Doe also moves to strike Sutton's request for attorneys' fees.  Doc. [32].  Sutton responded in opposition to the Motion to Dismiss the Counterclaim.  Doc. [39].  Sutton has not responded to the motion to strike.

**MOTION TO STRIKE**

Plaintiff moves to strike Sutton's request for attorneys' fees.  Doc. [32].

## I.     **Legal Standard**

Although Doe does not specify a basis for his motion under federal law, the Court presumes that it is brought pursuant to Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P 12(f).  The Court enjoys liberal discretion in resolving a motion to strike under Rule 12(f). *Nationwide Ins. Co. v. Central Mo. Elec. Co-op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001); *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000).  Motions to strike "are viewed with disfavor and are infrequently

2

granted." *Stanbury*, 221 F.3d at 1063 (internal quotation marks omitted). "But despite this, it is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080,1092 (8th Cir. 2021). This includes requests for damages that are legally deficient. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "This Court has granted a motion to strike a plaintiff's demand for attorney's fees when there is no statutory or contractual basis for an attorney's fee award." *Monocle, Inc. v. Online Gun Dealer, LLC*, 2017 WL 6387695 (E.D. Mo. Dec. 14, 2017) (considering a motion to strike under 12(f) but ultimately denying the motion as improper under the specific circumstances); *see also Fainer v. State Farm Mut. Auto. Ins. Co.,* 2008 WL 5263779 (E.D. Mo. Dec. 18, 2008); *Coulter Corp. v. Leinert*, 869 F. Supp. 732, 736 (E.D. Mo. 1994).

Because "state law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies," the Court applies Missouri law to the question of whether the request for attorney's fees should be stricken. *See Burlington Northern RR Co. v. Farmers Union Oil Co. of Rolla*, 207 F.3d 526, 534 (8th Cir. 2000). Missouri follows the "American rule" regarding attorney's fees, under which "orders requiring one party to pay another party's attorney fees or other expenses ordinarily are not permitted unless the parties' contract or a statute authorizes the court to make such an award." *Garland v. Ruhl*, 455 S.W.3d 442, 446 (Mo. 2015). Missouri courts have recognized a narrow exception to this rule where "unusual circumstances" or "special circumstances" are present, such as "where a party's conduct is frivolous, without substantial legal grounds, reckless or punitive." *Miner v. Schrieber*, 2019 WL 13116979 at *1 (E.D. Mo. June 17, 2019) (quoting *Birdsong v. Children's Div.*, 461 S.W.3d 454, 460 (W.D. Mo. 2015)); *see also K.C. Air Cargo Servs., Inc. v. City of Kansas City*, 523 S.W.3d 1, 12 (Mo. Ct. App. 2017) (noting Missouri law permits courts to award attorneys' fees in a declaratory judgment action where there are "special circumstances" present, but that the "special circumstances" exception "is narrowly construed and strictly applied").

## II.   Discussion

The Counterclaim includes only standard common law causes of action, so absent a special circumstance the American Rule applies. Sutton does not direct the Court to a special circumstance that would justify awarding attorneys' fees. Nor does the Court observe one. The

3

requests for attorneys' fees are thus legally insufficient, and the Court will strike them from the Counterclaim.  *See* FED. R. CIV. P. 12(f).

### MOTION TO DISMISS

#### I.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  A plaintiff's factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys, Inc*., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The well-pled facts must establish more than a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation modified).

#### II.      Discussion

As set forth more fully below, Counts I (defamation) and II (public disclosure of private facts) state a claim.  Counts IV (negligent infliction of emotional distress) and V (intentional

4

infliction of emotional distress) fail to state claims upon which relief can be granted and will be dismissed without prejudice.

### A. Counterclaim Plaintiff states a claim for defamation.

Sutton alleges that Doe defamed her on his website when he accused her of "sexually assaulting" him.  Doc. [28] ¶ 42.  To state a claim for defamation under Missouri law, a plaintiff must show:  "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Overcast v. Billings Mut. Ins. Co.,* 11 S.W.3d 62, 70 (Mo. 2000).  "Under Missouri law, a defendant is not liable for defamation if their challenged statements are 'substantially true,' even though the statements may contain minor inaccuracies." *Totta v. CCSB Fin. Corp.,* 695 S.W.3d 197, 204 (Mo. Ct. App. 2024), *reh'g and/or transfer denied* (July 23, 2024), *transfer denied* (Sept. 3, 2024).  A statement is substantially true if "its divergence from the truth would have no different effect on the reader's mind than that produced by the literal truth . . ." *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (citation modified) (quoting *Thurston v. Ballinger,* 884 S.W.2d 22, 26 (Mo. Ct. App. 1994))  When determining if an allegedly defamatory statement is true, "courts do not evaluate the language in isolation but consider the full context of the statement and recognizing the totality of the circumstances is essential to this review." *SEMO Servs., Inc. v. BNSF Ry. Co.*, 660 S.W.3d 430, 437 (Mo. Ct. App. 2022).

Doe first argues that Sutton's claim fails because she "mischaracterize[d]" what he stated, as the website never mentions "sexual assault," but instead accuses her of sexual violence and sexual abuse.[2]  Doc. [31] at 3-4.  Sutton responds that the purported mischaracterization does not subvert her defamation claim, noting that in relevant Missouri statutes "sexual abuse" is included in the definition of "sexual assault," and "sexual assault" is included in the definition of "sexual violence."  Doc. [39] at 4-5 (citing Mo. Rev. Stat. § 632.480, which defines "Sexually Violent Offense").

The parties' quibbles over any difference in the meaning of "sexual assault" as compared to "sexual violence" and "sexual abuse" have no bearing on the merits of Sutton's claim.  Under the liberal pleading standards of Federal Rule of Civil Procedure 8(a), she need only provide a

---

[2] The website states:  "Taking and sharing intimate pictures of someone else without their consent is a form of sexual abuse.  It is a form of sexual violence.  On this website and on this blog therefore, I allege that Leslie Sutton is both a perpetrator of sexual abuse and sexual violence."  Doc. [31-1] at 1.

"short and plain statement of the claim showing" entitlement to relief.  FED. R. CIV. P. 8(a)(2). The Court finds that Sutton's allegation that Doe defamed her by accusing her of "sexual assault" is a fair characterization of what was stated on the website.  Any technical difference in the meaning of "sexual assault" versus "sexual abuse" or "sexual violence" is not so great as to undermine Doe's ability to discern what he is alleged to have done.

Doe next argues that he did not defame Sutton because the contents of his website, including allegations of sexual abuse and violence, are true.  Doc. [31] at 4-5.  Truth is a defense against a defamation claim in Missouri.  *See Totta.,* 695 S.W.3d at 204.  Doe claims that Sutton never alleges that the statements on his website concerning her sharing photos of him without his consent were false.  *See* Doc. [31] at 4-5.  He further alleges that Sutton admitted that the image she sold to one of her followers was done without Doe's consent.  *Id*. at 5.  He then argues that distributing images of a person without their consent "has been recognized as a form of sexual abuse and sexual violence under various legal frameworks," and therefore it is true that Sutton sexually abused him.  Doc. [43] at 5.  He asserts that Sutton's defamation claim "must fail, because she cannot establish the falsity behind the statements published on" his website.  *Id*.

Sutton responds that she sufficiently pled facts to support the fourth element of a defamation claim.  Doc. [39] at 5.  She notes that she alleged in her Counterclaim that Doe falsely accused her of sexual assault, and she denies committing sexual abuse or sexual violence against him.  *Id*.  She also argues that Doe's argument that sharing photographs without consent equates to sexual violence and sexual abuse is not compatible with the ordinary meaning of "sexual violence" and certainly does not render his website statements true.  *Id*.  She finally argues that, in any event, "[w]hether [she] committed sexual abuse or sexual violence as Doe stated on his website is a factual dispute that cannot be resolved at this stage."  *Id*.

The Court notes that Doe's first argument—that Sutton admitted to sharing the photographs and therefore the contents of the website are true and thus not defamatory—is misplaced.  Sutton does not allege that Doe defamed her by stating that she shared his photographs.  The heart of her claim is that he defamed her by falsely accusing her of sexual assault.  *See* Doc. [28] ¶¶ 42-45.

The Court turns next to Doe's assertion that distribution of intimate photos without consent has been considered sexual abuse and sexual violence, and therefore, his website is truthful.  That argument presents factual issues, the resolution of which is not appropriate at the

6

motion to dismiss stage. *See Watson v. EQH Serv. Co., LLC*, 2022 WL 2237573, at *5 (E.D. Mo. June 22, 2022). Accepting all allegations in the Counterclaim as true and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has stated a plausible claim for defamation. The motion is denied as to Count I.

### B. The Counterclaim states a claim for public disclosure of private facts.

The elements of a claim of public disclosure of private facts under Missouri law are: "(1) publication or publicity; (2) absent any waiver or privilege; (3) of private matters in which the public has no legitimate concern; (4) so as to bring shame or humiliation to a person of ordinary sensibilities." *Crader v. Wal-Mart Stores, Inc.,* 2010 WL 4930978, at *2 (E.D. Mo. Nov. 30, 2010*)* (quoting *St. Anthony's Med. Ctr.*, 974 S.W.2d at 610)). The determination of whether a matter is private "is a matter for the court to decide." *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 499 (Mo. Ct. App. 1990). Private matters are generally those that a person "does not expose to the public eye, but keeps entirely to himself, or at most reveals only to his family or to close personal friends." *See id.* (quoting Restatement (Second) of Torts § 652D cmt. b (A.L.I 1977)). "Generally stated, there can be no invasion of privacy in giving further publicity to a matter which is already public." *Id.* at 500.

Sutton claims that Doe's website publicly revealed private information, namely the connection between her anonymous online usernames and her real identity. *See* Doc. [39] at 6-7. friends). She alleges that her activities were not public because she was operating online under various pseudonyms. Doc. [39] at 6-7.

Doe argues that Sutton has failed to allege the disclosure of a private fact because the website disclosed information that was already publicly available through court filings related to his lawsuit. Doc. [31] at 7. But nothing in the pleadings establishes that the website was created after the lawsuit was filed. Sutton alleges that this lawsuit was filed "[o]n or about August 30, 2023." Doc. [28] ¶ 36. She also alleges that the website was created "[o]n or around August 30, 2023." *Id*. at ¶ 37. While the events allegedly occurred in the same timeframe, nothing in the pleadings forces the conclusion that the lawsuit was filed first or that the two events happened simultaneously. Liberally construing the Counterclaim in favor of Sutton, as the Court must, the website may have been created before the lawsuit was filed, and thus, the contents on the website were not already a matter of public record when it went live.

7

The motion to dismiss is therefore denied as to Count II for public disclosure of private facts.

### C. The Counterclaim does not state a claim for either intentional or negligent infliction of emotional distress.

Under Missouri law, a claim for intentional infliction of emotional distress must include the following elements:

> (1) the defendant's conduct must be outrageous or extreme; (2) the defendant must act intentionally or recklessly; (3) there must be extreme emotional distress that results in bodily harm; (4) caused by the defendant's conduct; and (5) the conduct must be intended solely to cause extreme emotional distress to the victim.

*Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. Ct. App. 2008).

"The tort of negligent infliction of emotional distress is a negligence action." *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001). The general elements of negligence are "1) a legal duty of the defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause, and 4) injury to the plaintiff." *Id.* Claims for negligent infliction of emotional distress also "require proof of two additional elements: [5)] that the defendant should have realized that his conduct involved an unreasonable risk of causing distress, and [6)] that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant." *Id.*

With respect to the third element of her claim for intentional infliction of emotional distress, Sutton fails to properly allege "extreme emotional distress that results in bodily harm." *Crow*, 259 S.W.3d at 119. Sutton's bare and conclusory allegations that Doe's "conduct caused Counterclaim-Plaintiff to suffer from medically significant emotional distress resulting in bodily harm," Doc. [28] at 11, are no more than a "formulaic recitation of the elements of a cause of action," and are insufficient to state a claim. *Twombly*, 550 U.S. at 555.

Similarly, for her claim of negligent infliction of emotional distress, Sutton fails to properly allege that her "emotional distress or mental injury" are "medically diagnosable and . . . of sufficient severity so as to be medically significant." *Thornburg*, 62 S.W. 3d at 427. She states that she "suffered severe emotional stress, lack of sleep, and humiliation from Counterclaim-Defendant's conduct . . . ." Doc. [28] ¶ 39. But nothing in her Counterclaim indicates that these harms were medically significant. Otherwise, her pleadings on this element are limited to entirely conclusory allegations that Doe caused her to suffer "emotional distress or

8

mental injury that is medically diagnosable and sufficiently severe to be medically significant." Doc. [28] ¶¶ 86, 92, 93.  She does not make any allegations regarding specific medical diagnoses, nor does she allege that she obtained treatment.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Doe's motion to dismiss Counts IV and V for intentional and negligent infliction of emotional distress is granted, and the Counts are dismissed without prejudice.

## CONCLUSION

Assuming all of Sutton's well-pled allegations to be true, and drawing every reasonable inference in her favor, Counts I and II of the Counterclaim state a claim, but Counts IV and V fail to state claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim, Doc. [28], is **GRANTED** as to Counts IV and V and **DENIED** as to Counts I and II.  Counts IV and V are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the motion to strike, Doc. [32], is **GRANTED.** Defendant's Counterclaim allegations related to punitive damages are hereby **STRICKEN.**

A separate order of partial dismissal will issue this same date.

Dated this 31st day of March, 2026.


SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

9