**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HUSAYN JAMAL, | ) |
| | ) |
| Plaintiff, | ) |
| | )Case No. 4:23-cv-01312-SEP |
| v. | ) |
| | ) |
| LESLIE SUTTON, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

COMES NOW, Plaintiff Husayn Jamal, by and through undersigned counsel, respectfully submits this Response to the Court's June 24, 2026, Order to Show Cause (Doc. 68) and states as follows:

**INTRODUCTION**

Plaintiff Jamal acknowledges, and sincerely regrets, that he did not file his amended complaint within the thirty days set by the Court's May 21, 2026, directive (Doc. 62). Counsel takes full responsibility for that lapse. It resulted from an inadvertent calendaring error, the deadline was entered on counsel's docketing calendar on the correct day but under the wrong month, compounded by counsel's good-faith efforts to confer with Plaintiff about how best to give effect to the Court's ruling in this exceptionally sensitive matter, including whether to present the alternative course the Court's order expressly permitted. The failure was not willful, was not contumacious, and was not part of any pattern of delay.

Plaintiff has now cured the omission. Contemporaneously with this Response, Plaintiff is filing his First Amended Complaint, which makes no change other than

replacing "John Doe" with his legal name, Husayn Jamal, throughout, precisely the relief the Court directed. Because the single missed deadline was inadvertent and is now cured, and because dismissal under Rule 41(b) is an extreme sanction reserved for willful disobedience that no lesser measure can address, Plaintiff respectfully asks the Court to discharge the Order to Show Cause, accept the First Amended Complaint, and allow this case to proceed on its merits.

## BACKGROUND

On May 21, 2026, the Court held a hearing, granted Defendant's Motion for Reconsideration of the order allowing Plaintiff to proceed under a pseudonym (Doc. 56), and directed that Plaintiff would have thirty days "to file an amended complaint with no changes other than replacing 'John Doe' with Plaintiff's legal name throughout or to present any argument that a different course of action is warranted to give effect to the Court's ruling." *Doc. 62.*

Through an inadvertent docketing error, the thirty day deadline was miscalendared. The Court's May 21, 2026 directive made Plaintiff's amended complaint due thirty days later, on June 20, 2026. When that deadline was entered into counsel's case management system, the correct calendar day was used, but it was placed under the wrong month, docketed as July 20, 2026, rather than June 20, 2026. Because the deadline sat one month forward on the calendar, the system did not prompt counsel to it until after the June date had already passed. During the same period, counsel was communicating with Plaintiff about the implications of publicly using his legal name in a case concerning the non-consensual dissemination of

intimate images, and about whether to present the Court with an alternative means of giving effect to its ruling. The deadline passed before the amended pleading was filed.

On June 24, 2026, the Court ordered Plaintiff to show cause by June 29, 2026 why his complaint should not be dismissed under Federal Rule of Civil Procedure 41(b). *Doc. 68.* This Response follows, and Plaintiff has cured the deficiency by filing his First Amended Complaint contemporaneously herewith.

## LEGAL STANDARD

Rule 41(b) permits dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although the Court possesses inherent authority to manage its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962), the Eighth Circuit has long held that dismissal with prejudice "is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Even where some sanction is warranted, "a district court should first consider whether any less severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). Dismissal is thus reserved for the rare case in which a litigant's conduct is both willful and so serious that no lesser remedy will suffice.

## ARGUMENT

**I.  Plaintiff's single, inadvertent omission was not willful or contumacious.**

The touchstone of Rule 41(b) dismissal is willfulness. Dismissal requires conduct that is intentional "as opposed to accidentally or involuntarily," *Hunt*, 203 F.3d at 527, and is appropriate "only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," *Id.* Nothing of the kind occurred here. Plaintiff's failure to meet the thirty day deadline resulted from a clerical calendaring error, the deadline was inadvertently entered on the correct day but under the wrong month, not from any decision to defy the Court.

This was also a single, isolated lapse, not a "pattern of intentional delay." *Id.* Plaintiff has otherwise participated in this litigation and complied with the Court's orders. The contrast with the cases in which the Eighth Circuit has upheld dismissal is stark. *See, e.g., Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219–22 (8th Cir. 1998) (dismissal warranted where the plaintiff failed to appear at two court-ordered depositions, disregarded an order to produce documents, and violated an order prohibiting him from discharging his counsel). One inadvertently missed deadline, promptly cured, bears no resemblance to that kind of willful, repeated defiance.

## II.   Plaintiff has cured the omission, and the Court's directive is now satisfied.

Plaintiff has done exactly what the Court ordered. Filed with this Response is Plaintiff's First Amended Complaint, which changes nothing except substituting his legal name, Husayn Jamal, for "John Doe" throughout, in compliance with Doc. 62.

The purpose of the Court's order, to give effect to its ruling on pseudonymity, has been fully accomplished. Because the deficiency the Order to Show Cause identified no longer exists, dismissal would serve no remedial purpose. *Cf. Smith*, 526 F.3d at 405 (a sanction must be measured against "the effect of the delay on the court and the prejudice to the opposing party").

### III.    The brief delay caused no prejudice, and the equities weigh against dismissal.

Even viewed through the equitable lens of excusable neglect, the relevant factors favor Plaintiff. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (courts weigh the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith). The Supreme Court has confirmed that "excusable neglect" reaches "late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Id.* at 388. A good-faith calendaring mistake of precisely this kind falls within that standard. The delay was short and has had no effect on the case schedule; no trial or dispositive motion deadline was disturbed. Defendant suffered no prejudice, the amended complaint makes no substantive change and adds no claim, allegation, or party; it changes only the name used to identify Plaintiff. And Plaintiff acted in good faith throughout: the delay arose from a calendaring error and from counsel's conscientious consultation with an overseas client about an intensely personal decision, not from gamesmanship.

Plaintiff recognizes that the reason for a delay is the most important of the *Pioneer* factors. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000). That factor, too, favors Plaintiff. This is not a case of an attorney ignoring a clear, jurisdictional command; it is one in which counsel was actively engaged with the client about how to comply, and a docketing error caused the deadline to pass before the pleading was filed. Counsel candidly acknowledges the error, accepts responsibility, and has cured it.

## IV.    Dismissal would be a disproportionate sanction, and any concern is fully met by lesser means.

Before dismissing, the Court must consider whether a less drastic sanction would suffice. *Smith*, 526 F.3d at 405. Here, no sanction is necessary, because Plaintiff has already provided the very compliance the Court sought. But if the Court is inclined to impose any consequence, far less severe measures, accepting the late-filed amended complaint, issuing a warning, or awarding any costs Defendant incurred in connection with the show-cause process, would more than address a single, cured, non-prejudicial delay.

Dismissal would also be disproportionate for a second reason: the lapse was counsel's, not Plaintiff's. The Eighth Circuit has reversed a Rule 41(b) dismissal as "disproportionate" where the plaintiff "himself did not engage in any intentional or willfully disobedient conduct" and the fault lay with counsel. *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997). The court explained that the appropriate course in such circumstances is a remedy that preserves the plaintiff's "day in court" while

addressing counsel's conduct directly. *Id*. The same logic applies here with even greater force, because the compliance the Court sought has now been provided.

**V.    The strong policy favoring decisions on the merits, and the fact that dismissal would be effectively with prejudice, counsels against the extreme sanction.**

Federal policy strongly prefers resolving disputes on their merits rather than on procedural missteps. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). A dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the Court specifies otherwise. Fed. R. Civ. P. 41(b). And because Plaintiff's claims arise from conduct in 2022, a dismissal now would likely bar the refiling of at least some of those claims under the applicable statutes of limitations, making the dismissal, however labeled, effectively one with prejudice. The Eighth Circuit reserves that terminal result for the most egregious, willful misconduct. *See Hunt*, 203 F.3d at 527; *Smith*, 526 F.3d at 405. A single, inadvertent, and fully cured delay does not come close.

## CONCLUSION

For these reasons, Plaintiff Jamal respectfully requests that the Court discharge the June 24, 2026, Order to Show Cause, accept Plaintiff's contemporaneously filed First Amended Complaint, decline to dismiss this action under Rule 41(b), and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**OTT LAW FIRM**

Joseph A. Ott, #67889
Dariya S. Kucheryaba #76678
75 West Lockwood Avenue
Suite 1
Webster Groves, MO 63119
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
dariya@ott.law
*Attorneys for Plaintiff*