AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

Exhibit A

| | | |
|---|---|---|
| JOHN DOE<br>*Plaintiff*<br>v.<br>LESLIE SUTTON<br>*Defendant* | ) | Civil Action No. 4:23-CV-01312-SEP |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Automattic, Inc., d/b/a WordPress.com
c/o CT Corporation System
330 N Brand Blvd., Suite 700
Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A (incorporated herein)
NO PERSONAL APPEARANCE REQUIRED.
Records production only. Fed. R. Civ. P. 45(d)(1).

| Place: | Date and Time: |
|---|---|
| Via electronic mail: joe@ott.law<br>cc: jhardin@bjpc.com<br>Zoom: us06web.zoom.us/j/9365471413<br>or otherwise by agreement | April 30, 2026 9:00 AM CT<br>or otherwise by agreement |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 15, 2026

*CLERK OF COURT*

OR

Joseph A. Ott

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph A. Ott, who issues or requests this subpoena, are:

Joseph A. Ott, Esq. | Bar No. 67889MO | Ott Law Firm | 75 W. Lockwood Ave., St. Louis, MO 63119 | Tel: (314) 293-3756 | joe@ott.law

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MISSOURI**

**JOHN DOE,**

Plaintiff,

vs.

**LESLIE SUTTON,**

Defendant.

**Case No.: 4:23-CV-01312**

**SUBPOENA RIDER**

**SUBPOENA TO**: Automattic, Inc., d/b/a WordPress.com 60 29th Street #343, San Francisco, CA 94110

**DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS TO BE PRODUCED**

Pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii), you are commanded to produce the following records relating to the WordPress.com account and blog identified below:

**Identified Account Identifiers**:
Blog ID: 224317644
Blog URL: lesliesuttonstlouis.wordpress.com
WordPress.com User ID: 240872957
Login slug: zgctj5rf9y
Gravatar email hash: 2c040be3741450ea52f9a1e494952e90e799eb7be07e642b0d62c5918b16fd37
Related deleted surfaces: lesliesutton.wordpress.com; zgctj5rf9y9.wordpress.com

**Category 1 — Account Registration Records**

All records identifying the person or entity who created, registered, or controls WordPress.com account User ID 240872957 and Blog ID 224317644, including but not limited to: full legal name; all email addresses associated with the account; telephone numbers; billing name and address; payment method and last four digits; account creation date and IP address; and all account modification records from July 1, 2023 to the date of production.

**Category 2 — IP Address Logs**

All IP address logs recording access to, modification of, or posting to Blog ID 224317644 (lesliesuttonstlouis.wordpress.com) from July 1, 2023 to the date of production, including: (a) site creation event; (b) each post publication event; (c) each login event; and (d) any account deletion or deactivation event.

**Category 3 — Gravatar Account Records**

All records for the Gravatar account associated with the email address whose SHA-256 hash (computed as sha256(lowercase(strip(email)))) equals 2c040be3741450ea52f9a1e494952e90e799eb7be07e642b0d62c5918b16fd37, including: (a) registration email address; (b) account creation IP address; (c) deletion date and deletion IP address; and (d) any associated WordPress.com account linkage. NOTE: This Gravatar account was deleted overnight on or about April 14–15, 2026; preservation of deletion logs is required immediately.

**Category 4 — Deleted Surface Records**

All account records, deletion logs, and IP access logs for the following WordPress.com surfaces that were deleted and now return HTTP 410 status: (a) lesliesutton.wordpress.com; (b) zgctj5rf9y9.wordpress.com. These surfaces shared the account slug "zgctj5rf9y" with the active blog and were under the same account holder's control.

**Category 5 — Google Search Console Verification**

All records relating to the addition of Google Search Console verification meta tag vkqvmMZTtF7qmwPt48HipH4AlzPkzM_OgUaS21UHa2w to the HTML of lesliesuttonstlouis.wordpress.com, including the WordPress.com account that added the verification token, the date of addition, and any associated IP address or administrator logs.

**Category 6 — Custodian Declaration**

A declaration of the custodian of records authenticating all produced documents pursuant to Fed. R. Evid. 902(11) or 902(13), suitable for use at trial without further foundation.

**Category 7 — ESI Format**

All electronically stored information shall be produced in native format with a SHA-256 hash manifest per Fed. R. Civ. P. 34(b)(2)(E)(ii). Log files shall be produced in their original format with timestamps in UTC.

**DEFINITIONS**: "Records" means all documents, data, logs, files, or electronically stored information, however stored, relating to the identified account, regardless of whether created, stored, transmitted, or deleted.

**TIME PERIOD**: July 1, 2023 through the date of production, unless otherwise specified above.

**NOTE ON STORED COMMUNICATIONS ACT**: Production of subscriber information and non-content records is authorized pursuant to 18 U.S.C. § 2703(c)(2) and this Court's subpoena authority. Such records are producible without customer notice per 18 U.S.C. § 2703(c)(2).

**URGENCY — EVIDENCE PRESERVATION**: A Gravatar account associated with the respondent's WordPress.com account was deleted overnight on April 14–15, 2026. You are on notice of a duty to preserve all logs and data associated with that deletion pursuant to the litigation hold standards of Fed. R. Civ. P. 37(e).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system on this _____ day of __________, 2026:

(Opposing counsel to be identified)

/s/ Joseph A. Ott

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW TRIAL ATTORNEYS

CONSTANT VICTORY

*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

**VIA EMAIL (legal@wordpress.com)**
**CERTIFIED MAIL — REGISTERED AGENT SERVICE**
Automattic, Inc. d/b/a WordPress.com
c/o CT Corporation System (Registered Agent)
330 N Brand Blvd., Suite 700
Glendale, California 91203

**Re: Subpoena Duces Tecum — Doe v. Sutton, No. 4:23-CV-01312-SEP (E.D. Mo.)**

**WordPress.com Blog ID 224317644 — lesliesuttonstlouis.wordpress.com**

Dear Records Custodian:

Please find enclosed a Subpoena to Produce Documents, Information, or Objects (AO-88B) issued in the above-captioned civil action pending in the United States District Court for the Eastern District of Missouri.

**I. Why Automattic's Records Are Necessary**

This action arises from allegations that Defendant Leslie Sutton created a WordPress.com website at lesliesuttonstlouis.wordpress.com for use in a pattern of online harassment targeting Plaintiff John Doe. The site mirrors, nearly verbatim, another website whose creation Plaintiff's adversary attributes to Plaintiff. Plaintiff expressly denies creating the WordPress.com site. The sole means of resolving this disputed fact is disclosure of the account registration and login records that Automattic, as the site's host and operator, uniquely possesses.

**II. What the Records Are Expected to Show**

Your records will identify, by name and email address, the person who created and controls this site. IP address logs are expected to establish the geographic origin of site creation, each login, and each post publication. Gravatar account records (User ID 240872957, login slug "zgctj5rf9y") will provide an independent identity trail via the SHA-256 email hash 2c040be3741450ea52f9a1e494952e90e799eb7be07e642b0d62c5918b16fd37. Deletion records for lesliesutton.wordpress.com and zgctj5rf9y9.wordpress.com (both returning HTTP 410 as of April 15, 2026) are expected to establish whether the deletions of those related surfaces were performed by the same account holder. Plaintiff further alleges that the Gravatar account

associated with this login slug was deleted between April 14 and April 15, 2026, suggesting ongoing destruction of records that Automattic's systems may still preserve in backup or log form.

**III. Legal Authority for Production**

Federal Rule of Civil Procedure 45 authorizes this subpoena. The records sought are subscriber information and access logs — non-content records that are producible pursuant to 18 U.S.C. § 2703(c)(2) without customer notice. No content of stored communications is requested. We have reviewed your published Legal Guidelines (available at github.com/Automattic/legalmattic) and have tailored the attached Attachment A to comply with your stated production procedures, including the request for a custodian declaration under Fed. R. Evid. 902(11) or 902(13).

**IV. Production Instructions**

Please produce documents electronically to joe@ott.law, with a copy to opposing counsel at jhardin@bjpc.com, by **April 30, 2026 at 9:00 AM CT**, or otherwise by agreement. No personal appearance is required — this subpoena commands records production only pursuant to Fed. R. Civ. P. 45(d)(1). For questions, join our Zoom meeting: https://us06web.zoom.us/j/9365471413?pwd=d1ZtTG9MMXZab011b1Awa2oybmloQT09

We understand Automattic charges an administrative fee of $125.00/hour for civil subpoena compliance; please invoice us at the address below and we will remit payment before production.

If you intend to object, please notify us within fourteen (14) days of service per Fed. R. Civ. P. 45(d)(2)(B) so that we may seek a court order promptly.

Respectfully Submitted,

**OTT LAW FIRM**

/s/ Joseph A. Ott

Joseph A. Ott, #67889

3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| JOHN DOE<br>*Plaintiff*<br>v.<br>LESLIE SUTTON<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 4:23-CV-01312-SEP |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google LLC
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A (incorporated herein)
NO PERSONAL APPEARANCE REQUIRED.
Records production only. Fed. R. Civ. P. 45(d)(1).

| Place: Via electronic mail: joe@ott.law<br>cc: jhardin@bjpc.com<br>Zoom: us06web.zoom.us/j/9365471413<br>or otherwise by agreement | Date and Time:<br>April 30, 2026 9:00 AM CT<br>or otherwise by agreement |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 15, 2026

*CLERK OF COURT*

OR

Joseph A. Ott

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph A. Ott , who issues or requests this subpoena, are:

Joseph A. Ott, Esq. | Bar No. 67889MO | Ott Law Firm | 75 W. Lockwood Ave., St. Louis, MO 63119 | Tel: (314) 293-3756 | joe@ott.law

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **JOHN DOE,**<br>Plaintiff,<br>vs.<br>**LESLIE SUTTON,**<br>Defendant. | **Case No.: 4:23-CV-01312** |

**SUBPOENA RIDER**

**SUBPOENA TO**: Google LLC

**DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS TO BE PRODUCED**

**Identified Verification Token**: vkqvmMZTtF7qmwPt48HipH4AlzPkzM_OgUaS21UHa2w

This token appears in the HTML source of lesliesuttonstlouis.wordpress.com as a Google Search Console site verification meta tag. Adding this token to a website requires authenticated access to the Google account that controls the Search Console property for that website.

**Category 1 — Google Search Console Account Records** All records identifying the Google account holder who added verification meta tag \`vkqvmMZTtF7qmwPt48HipH4AlzPkzM_OgUaS21UHa2w\` to lesliesuttonstlouis.wordpress.com, including: full legal name; Gmail or Google Workspace address; Google Account ID; phone number associated with the account; account creation date; billing information; and all account modification records from 2023-07-01 to present.

**Category 2 — Search Console Property Records** All Google Search Console property records for lesliesuttonstlouis.wordpress.com, including: date the property was added; Google Account ID of the verifying user; IP address logs for all authentication events associated with the Search Console property from 2023-07-01 to present; and any co-owner or delegated access records.

**Category 3 — IP Address and Authentication Logs** All IP address logs and authentication event records for the Google Account that owns or co-owns the Search Console property for lesliesuttonstlouis.wordpress.com from 2023-07-01 to present, including login events, token additions, and any account security events.

**Category 4 — Custodian Declaration** A declaration of the custodian of records authenticating all produced documents pursuant to Fed. R. Evid. 902(11) or 902(13), suitable for use at trial without further foundation.

**Category 5 — ESI Format** All electronically stored information shall be produced in native format with a SHA-256 hash manifest per Fed. R. Civ. P. 34(b)(2)(E)(ii).

**NOTE ON STORED COMMUNICATIONS ACT**: Non-content subscriber records and access logs are producible pursuant to 18 U.S.C. § 2703(c)(2) without customer notice. No content of stored communications is requested.

**TIME PERIOD**: July 1, 2023 through the date of production.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system on this _____ day of __________, 2026:

(Opposing counsel to be identified)

/s/ Joseph A. Ott

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW
TRIAL ATTORNEYS

CONSTANT VICTORY

*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

**VIA PERSONAL SERVICE ON REGISTERED AGENT ONLY**
**NOTE: Google does not accept email, fax, or mail service**
Google LLC
c/o Corporation Service Company (Registered Agent)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, California 95833

Re: Subpoena Duces Tecum — Doe v. Sutton, No. 4:23-CV-01312-SEP (E.D. Mo.) Google Search Console Property: lesliesuttonstlouis.wordpress.com Verification Token: vkqvmMZTtF7qmwPt48HipH4AlzPkzM_OgUaS21UHa2w

Dear Records Custodian:

Please find enclosed a Subpoena to Produce Documents, Information, or Objects (AO-88B) issued in the above-captioned civil action pending in the United States District Court for the Eastern District of Missouri.

**I. Why Google's Records Are Necessary**

This action arises from allegations that Defendant Leslie Sutton created and operated a website at lesliesuttonstlouis.wordpress.com for use in a pattern of online harassment targeting Plaintiff John Doe. The HTML source of that website contains a Google Search Console site verification meta tag — token `vkqvmMZTtF7qmwPt48HipH4AlzPkzM_OgUaS21UHa2w`. This token can only be added to a website by a person who controls a Google Account with Search Console access and who has the ability to modify the website's HTML source. The presence of this token in the site source is direct, technical proof that the operator of the defamatory site verified ownership of it with Google.

Plaintiff denies creating or operating this site. The Google account that added this verification token — and the IP addresses from which that account accessed Google Search Console — provide an independent attribution trail entirely separate from WordPress.com's own records.

**II. What the Records Are Expected to Show**

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW TRIAL ATTORNEYS

CONSTANT VICTORY

*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

Your records are expected to identify the Google Account (Gmail address and Account ID) that owns or co-owns the Search Console property for lesliesuttonstlouis.wordpress.com, along with the IP addresses from which the account holder authenticated to Google services when adding the verification token and subsequently managing the Search Console property. Your records will also identify any co-owners or delegated access users of the property, as well as account creation date and associated contact information, which may independently link to the site operator's identity.

These records provide a second, independent identity chain for the site operator — corroborating or contradicting the records expected from Automattic, Inc. (a parallel subpoena has been served on Automattic contemporaneously with this subpoena).

**III. Legal Authority for Production**

Federal Rule of Civil Procedure 45 authorizes this subpoena. We have reviewed Google's published instructions for serving civil subpoenas (support.google.com/faqs/answer/6151275) and have served this subpoena by personal service on Corporation Service Company at the Sacramento address as Google requires. The records sought are non-content subscriber and access log records producible pursuant to 18 U.S.C. § 2703(c)(2) without customer notice.

**IV. Production Instructions**

Please produce documents electronically to joe@ott.law, with a copy to opposing counsel at jhardin@bjpc.com, by **April 30, 2026 at 9:00 AM CT**, or otherwise by agreement. No personal appearance is required — this subpoena commands records production only pursuant to Fed. R. Civ. P. 45(d)(1). For questions, join our Zoom meeting: https://us06web.zoom.us/j/9365471413?pwd=d1ZtTG9MMXZab011b1Awa2oybmloQT09

If you intend to object, please notify us within fourteen (14) days of service per Fed. R. Civ. P. 45(d)(2)(B).

Respectfully Submitted,

Case: 4:23-cv-01312-SEP Doc. #: 74-1 Filed: 10/01/26 Page: 17 of 25 PageID #: 665



**OTT LAW FIRM**

/s/ Joseph A. Ott

_______________________________

Joseph A. Ott, #67889
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
*Attorneys for Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

JOHN DOE
*Plaintiff*
v.
LESLIE SUTTON
*Defendant*

Civil Action No. 4:23-CV-01312-SEP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Microsoft Corporation
c/o Corporation Service Company
300 Deschutes Way SW, Suite 208, MC-CSC1
Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

■ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A (incorporated herein)
NO PERSONAL APPEARANCE REQUIRED.
Records production only. Fed. R. Civ. P. 45(d)(1).

| Place: | Date and Time: |
|---|---|
| Via electronic mail: joe@ott.law<br>cc: jhardin@bjpc.com<br>Zoom: us06web.zoom.us/j/9365471413<br>or otherwise by agreement | April 30, 2026 9:00 AM CT<br>or otherwise by agreement |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 15, 2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Joseph A. Ott
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph A. Ott, who issues or requests this subpoena, are:

Joseph A. Ott, Esq. | Bar No. 67889MO | Ott Law Firm | 75 W. Lockwood Ave., St. Louis, MO 63119 | Tel: (314) 293-3756 | joe@ott.law

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **JOHN DOE,**<br>Plaintiff,<br>vs.<br>**LESLIE SUTTON,**<br>Defendant. | **Case No.: 4:23-CV-01312** |

**SUBPOENA RIDER**

**SUBPOENA TO**: Microsoft Corporation

**DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS TO BE PRODUCED**

**Identified Verification Token**: 3AA0AC0499EEBA04A95E41144FC5BB799

This token appears in the HTML source of lesliesuttonstlouis.wordpress.com as a Bing Webmaster Tools site verification meta tag. Adding this token to a website requires authenticated access to the Microsoft/Bing account that controls the Bing Webmaster Tools property for that website.

**Category 1 — Microsoft/Bing Webmaster Tools Account Records** All records identifying the Microsoft account holder who added Bing Webmaster Tools verification token `3AA0AC0499EEBA04A95E41144FC5BB799` to lesliesuttonstlouis.wordpress.com, including: full legal name; Microsoft Account email address (Microsoft Account ID); associated phone number; account creation date; billing or payment information; and all account modification records from 2023-07-01 to present.

**Category 2 — Bing Webmaster Tools Property Records** All Bing Webmaster Tools property records for lesliesuttonstlouis.wordpress.com, including: date the property was verified; Microsoft Account ID of the verifying user; IP address logs for all authentication events associated with the Webmaster Tools property from 2023-07-01 to present; and any co-owner, delegated, or API access records.

**Category 3 — IP Address and Authentication Logs** All IP address logs and authentication event records for the Microsoft Account that owns or co-owns the Bing Webmaster Tools property for lesliesuttonstlouis.wordpress.com from 2023-07-01 to present, including all sign-in events, token additions, and any account security events.

**Category 4 — Custodian Declaration** A declaration of the custodian of records authenticating all produced documents pursuant to Fed. R. Evid. 902(11) or 902(13), suitable for use at trial without further foundation.

**Category 5 — ESI Format** All electronically stored information shall be produced in native format with a SHA-256 hash manifest per Fed. R. Civ. P. 34(b)(2)(E)(ii).

**NOTE ON STORED COMMUNICATIONS ACT**: Non-content subscriber records and access logs are producible pursuant to 18 U.S.C. § 2703(c)(2) without customer notice. No content of stored communications is requested.

**TIME PERIOD**: July 1, 2023 through the date of production.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following via the Court's electronic filing system on this _____ day of __________, 2026:

(Opposing counsel to be identified)

/s/ Joseph A. Ott

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________________________________
*Server's signature*

____________________________________________
*Printed name and title*

____________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW
TRIAL ATTORNEYS

CONSTANT VICTORY

*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

**VIA CERTIFIED MAIL — REGISTERED AGENT SERVICE**
Microsoft Corporation
c/o Corporation Service Company (Registered Agent)
300 Deschutes Way SW, Suite 208, MC-CSC1
Tumwater, Washington 98501

**Re:** Subpoena Duces Tecum — Doe v. Sutton, No. 4:23-CV-01312-SEP (E.D. Mo.) Bing Webmaster Tools Property: lesliesuttonstlouis.wordpress.com Verification Token: 3AA0AC0499EEBA04A95E41144FC5BB99

Dear Records Custodian:

Please find enclosed a Subpoena to Produce Documents, Information, or Objects (AO-88B) issued in the above-captioned civil action pending in the United States District Court for the Eastern District of Missouri.

**I. Why Microsoft's Records Are Necessary**

This action arises from allegations that Defendant Leslie Sutton created and operated a website at lesliesuttonstlouis.wordpress.com for use in a pattern of online harassment targeting Plaintiff John Doe. The HTML source of that website contains a Bing Webmaster Tools site verification meta tag — token `3AA0AC0499EEBA04A95E41144FC5BB99`. This token can only be placed in a website's HTML source by a person who controls a Microsoft account with Bing Webmaster Tools access and who can modify the site's HTML. The presence of this token is technical proof that the operator of lesliesuttonstlouis.wordpress.com took affirmative steps to register the site with Bing Webmaster Tools using a Microsoft account.

Plaintiff denies creating this website. The Microsoft account that registered this Bing Webmaster Tools property represents a third independent identity trail (alongside Automattic account records and Google Search Console records sought in parallel subpoenas). Each of these three trails independently points to the same operator; any one of them alone provides the information necessary to identify the site's creator.

**II. What the Records Are Expected to Show**

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW
TRIAL ATTORNEYS

CONSTANT VICTORY
*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

Your records are expected to identify the Microsoft Account (email address and Account ID) that owns the Bing Webmaster Tools property for lesliesuttonstlouis.wordpress.com, along with the IP addresses from which the account holder authenticated to Microsoft services when adding the verification token and accessing the Webmaster Tools property. Your records will also identify any co-owners or delegated access users, as well as account creation date and associated contact information.

**III. Legal Authority for Production**

Federal Rule of Civil Procedure 45 authorizes this subpoena. The records sought are non-content subscriber and access log records producible pursuant to 18 U.S.C. § 2703(c)(2) without customer notice.

**IV. Production Instructions**

Please produce documents electronically to joe@ott.law, with a copy to opposing counsel at jhardin@bjpc.com, by **April 30, 2026 at 9:00 AM CT**, or otherwise by agreement. No personal appearance is required — this subpoena commands records production only pursuant to Fed. R. Civ. P. 45(d)(1). For questions, join our Zoom meeting: https://us06web.zoom.us/j/9365471413?pwd=d1ZtTG9MMXZab011b1Awa2oybmloQT09

If you intend to object, please notify us within fourteen (14) days of service per Fed. R. Civ. P. 45(d)(2)(B).

Respectfully Submitted,

**OTT LAW FIRM**

/s/ Joseph A. Ott

Joseph A. Ott, #67889
3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law

JOSEPH A. OTT
G. JERRY CHEN*
DARIYA KUCHERYABA
JENNIFER WALKER

OTT LAW
TRIAL ATTORNEYS

CONSTANT
VICTORY

*Also Licensed in New York
中文 | русский язык | Español

**Ott Law Firm** 75 W. Lockwood Avenue · St. Louis, MO 63119 · (314) 293-3756

Wednesday, April 15, 2026

*Attorneys for Plaintiff*