Exhibit B

Proceedings in the United States District Court for the Eastern District of Missouri

John Doe,

Plaintiff,

v.

Leslie Sutton,

Defendant.

Case No.: 4:23-cv-01312-SEP

**MICROSOFT CORPORATION'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Microsoft Corporation makes the following objections to the subpoena from John Doe ("Plaintiff") in the above-referenced matter. Microsoft's objections and responses are based on its investigation to date. Microsoft expressly reserves the right to modify and supplement these objections and responses if additional information or documents are located by Microsoft. Microsoft assumes no obligation to supplement its responses, beyond those permitted by applicable court rules, if any. To the extent that a meet and confer regarding any of these objections is necessary, please contact undersigned counsel.

## I. GENERAL OBJECTIONS

**Washington Shield Law.** Microsoft objects to the subpoena to the extent it seeks records or information that Microsoft is barred from producing under Engrossed Substitute House Bill 1469, 2023 Reg. Sess. (Wash. 2023) (the "Shield Law"). *See also* RCW 5.51.020. To comply with the requirements of the Shield law you must attest under penalty of



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

perjury that you are not seeking documents, information, testimony, or other assistance relating to an investigation into, or the enforcement of, a law that asserts criminal or civil liability for the provision, receipt, attempted provision or receipt, assistance in provision or receipt, or attempted assistance in the provision or receipt of protected health care services that are lawful in the state of Washington.

**Improper Place of Compliance.** Microsoft objects to the subpoena as improper because the demanded place of production is not within 100 miles of Redmond, Washington, where Microsoft resides and regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(2)(A). The subpoena fails to comply with federal law regarding place of compliance.

**Failure to Reduce Burden on Nonparty**. Microsoft objects to the subpoena for failing to take reasonable efforts to reduce the burden on nonparty Microsoft. *See* Federal Rule of Civil Procedure 45(d)(1). In particular, Microsoft objects to the subpoena to the extent the information sought is in the possession, custody, or control of the parties to the litigation. *See e.g., Rembrandt Patent Innovations v. Apple, Inc*., 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Petitioners can establish they are unable to obtain the requested information from the Respondent"); *In re Allergan*, 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party'" (citation omitted)); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party respondent."); *Moon v. SCP Pool Corp*. 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to respondent, who is a party, and, thus, petitioners can more easily and inexpensively obtain the documents from respondent, rather than from [the] nonparty") (citing *Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646, 649 (9th Cir. 1980))); *Haworth, Inc. v. Herman Miller, Inc*., 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel production from nonparty, holding "the district court could properly require [respondent] to seek discovery from its party opponent before burdening the nonparty []



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

with [an] ancillary proceeding”). Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

**Electronically Stored Information.** Microsoft objects to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Known, difficult-to-access sources that may contain potentially responsive in-formation (others may exist and become apparent once the scope of the information sought by the Subpoena is properly defined), but which Microsoft is neither searching nor producing be-cause they are not reasonably accessible without undue burden, fall under the categories set out below: current disaster recovery media, obsolete back up media, legacy systems, sources requiring computer forensics to access, databases that are structured to hold or report information in certain formats and which cannot readily provide different data or data in different configurations, and source code. Microsoft is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists on the sources, without incurring substantial undue burden or cost.

**Objection to Production of Material Subject to Foreign Data Privacy Law.** Microsoft objects to the production of information sought by your subpoena to the extent it is subject to foreign data privacy laws. This includes without limitation EU Regulation 2016/679, the General Data Protection Regulation (“GDPR”) or EU General Data Protection Regulation (Regulation (EU) 2016/679) as amended and transposed into the laws of the United Kingdom pursuant to the European Union (Withdrawal) Act 2018 and the European Union (Withdrawal Agreement) Act 2020 (“UK GDPR”), or other foreign data privacy laws that might apply. Subject to, and without waiver of this objection, Microsoft may produce information responsive to your subpoena or that Microsoft determines is not subject to any such law and/or with the valid consent of the account holder.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**Reservation of Rights.** These objections apply to each request in the subpoena. Microsoft reserves its right to supplement, amend, correct, or modify its responses herein.

## II. RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

Microsoft incorporates the above objections in their entirety into each specific objection below. Microsoft's specific objections are made for purposes of clarity and emphasis. Microsoft does not waive its above objections with respect to any of the subpoena's requests below.

Microsoft objects to these requests for failing to take reasonable efforts to reduce the burden on nonparty Microsoft. *See* Federal Rule of Civil Procedure 45(d)(1). In particular, Microsoft objects to these requests to the extent the information sought is in the possession, custody, or control of the parties to the litigation.

**REQUEST NO. 1:**

**Microsoft/Bing Webmaster Tools Account Records** All records identifying the Microsoft account holder who added Bing Webmaster Tools verification token '3AA0AC0499EEBA04A95E41144FC5BB799' to lesliesuttonstlouis.wordpress.com, including: full legal name; Microsoft Account email address (Microsoft Account ID); associated phone number; account creation date; billing or payment information; and all account modification records from 2023-07-01 to present.

**RESPONSE TO REQUEST NO. 1:**

Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "Microsoft/Bing Webmaster Tools Account Records," "Microsoft account holder," "Bing Webmaster Tools verification token '3AA0AC0499EEBA04A95E41144FC5BB799'" "lesliesuttonstlouis.wordpress.com," "Microsoft Account email address (Microsoft Account ID)," "associated phone number,"



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

"account creation date," "billing or payment information," and "all account modification records" are vague and ambiguous; (2) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; (3) it seeks information more easily obtained from a party to the litigation; and (4) the request fails to provide valid identifiers, clarifying definitions, or information necessary for Microsoft to conduct a reasonable search.

Microsoft objects to this request to the extent it seeks documents containing confidential, attorney-client privileged, work product, proprietary, or trade secret information. You did not include a copy of any protective order that is in place in this matter, which prevents Microsoft from evaluating whether that protective order provides adequate protection for, and avoidance of dissemination of, Microsoft's or its customer's confidential or proprietary information.

Microsoft will not produce documents in response to this request.

**REQUEST NO. 2:**

**Bing Webmaster Tools Property Records** All Bing Webmaster Tools property records for lesliesuttonstlouis.wordpress.com, including: date the property was verified; Microsoft Account ID of the verifying user; IP address logs for all authentication events associated with the Webmaster Tools property from 2023-07-01 to present; and any co-owner, delegated, or API access records.

**RESPONSE TO REQUEST NO. 2:**

Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "Bing Webmaster Tools Property Records," "lesliesuttonstlouis.wordpress.com," "date the property was verified," "Microsoft Account ID of the verifying user," "IP address logs for all authentication events associated with



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

the Webmaster Tools property from 2023-07-01 to present," and "any co-owner, delegated, or API access records" are vague and ambiguous; (2) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; (3) it seeks information more easily obtained from a party to the litigation; and (4) the request fails to provide valid identifiers, clarifying definitions, or information necessary for Microsoft to conduct a reasonable search.

Microsoft objects to this request to the extent it seeks documents containing confidential, attorney-client privileged, work product, proprietary, or trade secret information. You did not include a copy of any protective order that is in place in this matter, which prevents Microsoft from evaluating whether that protective order provides adequate protection for, and avoidance of dissemination of, Microsoft's or its customer's confidential or proprietary information.

Microsoft will not produce documents in response to this request.

**REQUEST NO. 3:**

**IP Address and Authentication Logs** All IP address logs and authentication event records for the Microsoft Account that owns or co-owns the Bing Webmaster Tools property for lesliesuttonstlouis.wordpress.com from 2023-07-01 to present, including all sign-in events, token additions, and any account security events.

**RESPONSE TO REQUEST NO. 3:**

Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "IP Address and Authentication Logs," "authentication event records," the Microsoft Account that owns or co-owns the Bing Webmaster Tools property for lesliesuttonstlouis.wordpress.com," "all sign-in events," "token additions," and "any account security events" are vague and ambiguous; (2) it fails to take



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

reasonable efforts to reduce the burden on nonparty Microsoft; (3) it seeks information more easily obtained from a party to the litigation; and (4) the request fails to provide valid identifiers, clarifying definitions, or information necessary for Microsoft to conduct a reasonable search.

Microsoft objects to this request to the extent it seeks documents containing confidential, attorney-client privileged, work product, proprietary, or trade secret information. You did not include a copy of any protective order that is in place in this matter, which prevents Microsoft from evaluating whether that protective order provides adequate protection for, and avoidance of dissemination of, Microsoft's or its customer's confidential or proprietary information.

Microsoft will not produce documents in response to this request.

DATED this 29th day of April, 2026.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Microsoft Corporation

By */s/ James Howard*
James Howard, WSBA #37259
Kelechi Okengwu
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 212-603-6466
Email: KelechiOkengwu@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I caused the foregoing document to be served by electronic mail to the following recipient(s):

Joseph A. Ott
Ott Law Firm
75 W Lockwood Ave
St. Louis, MO 63119

joe@ott.law

DATED this 29th day of April, 2026.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Microsoft Corporation

By */s/ James Howard*
James Howard, WSBA #37259
Kelechi Okengwu
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 212-603-6466
Email: KelechiOkengwu@dwt.com